## The Mayor, &c., of New York v. John Green.

The notice of appeal from a judgment of a district court must itself specify the grounds of objection to the judgment. A reference to the proceedings on the trial, as the place where the grounds of appeal will be found, is not sufficient.

Errors in a complaint, although such as to be good grounds of objection if taken at the trial, do not justify a reversal of the judgment, when they are supplied by the evidence, and no harm has been occasioned by them.

On appeal, under § 366 of the Code, from a judgment of a district court, taken by default, the allegation of the defendant, that he is ignorant of law proceedings, is not a sufficient excuse for his non-attendance at the time and place mentioned in the summons served upon him.

Nor is his mere general denial of the allegations in the complaint sufficient evidence that injustice has been done him. If the defendant wishes to obtain a new trial in such a case, he must point out the mode in which injustice has been done.

APPEAL by defendant, under § 366 of the Code, from a judgment rendered in a district court by default. The action was for a violation of a city ordinance. The complaint did not specify the ordinance complained of, the blank left for that purpose in the form used not having been filled up. The defendant failed to appear, and judgment was rendered against him. The nature of his excuse for his default, &c., is sufficiently stated in the opinion of the court.

*Chauncey Shaffer*, for the appellant.

*George H. Purser*, for the respondents.

INGRAHAM, FIRST JUDGE.—The defendant did not appear in the court below, and judgment was recovered against him by default. He now appeals to this court, and asks for a reversal on two grounds: first, for errors on the trial; second, on the ground that injustice had been done, and an alleged excuse for his default.

The notice of appeal does not specify any ground of appeal, but refers to the affidavit and the proceedings on the trial as the place where such grounds of appeal may be found.

So far as any error is alleged in the proceedings before the justice, the defect in the notice, in not stating the grounds of appeal, is conclusive upon the defendant. The 353d section of the Code is positive, that the notice must state the grounds of appeal.

In *Schwartz* v. *Bendel* (2 E. D. Smith, 123), this point was considered, and the court say, " The statute is explicit on this subject, and we should be warranted in dismissing the appeal on this ground."

If, however, it be said that the remedy is by motion, the grounds are not sufficient for reversal. The error pointed out in the affidavit is the omission of sums, dates, and a reference to the statute in the complaint. No objection to the pleading was taken, as the defendant did not appear; and although the filing of such a complaint and the action of the court show great negligence in rendering judgment upon it, in its imperfect condition, yet, as all the defects were supplied by the evidence, and no harm could arise to the party from such negligence, we do not feel warranted in reversing the judgment on this technical ground, even if we could overlook the defect in the notice.

The excuse offered by the defendant is hardly sufficient. He does not deny that he had a summons, or that he was thereby informed of the time at which he was to appear. On the contrary, he went to look for a counsel on that morning, and, not finding him, went to the court on the day, but after judgment had been rendered. The only excuse he gives is, that he was *ignorant of law proceedings.* This shows no excuse for not understanding what the summons told him was necessary, viz., to appear on a day and at an hour and place therein stated. His own conduct shows that he knew it was proper for him to go to the court to protect his rights, but that he delayed in attending to what he should have done till after the time specified had expired.

Nor does it appear from his affidavit that injustice has been done. He states in it that " he *denies* that he has violated any of the ordinances of the plaintiffs, in manner and form as set

forth in the complaint." This is a mere matter of opinion, whether or not he has violated them.. If he wished to satisfy the court that injustice had been done, by the judgment, he should show, by a statement of facts, that the charge—made out by the evidence on the trial—was not true. On the contrary, he does no such thing. He asks this court to decide that injustice has been done him by the judgment, because he swears that he denies that he has violated the ordinances. He does not even swear that he has not violated them, but he affirms that he denies the violation—when the truth of such denial is not sworn to.

If a defendant wishes to obtain a new trial in such a case, he must point out the mode in which injustice has been done, and leave to the court, and not assume himself, the decision of that question.

In *Mix* v. *White* (1 E. D. Smith, 614), it was said the defendant must swear that the defence was true in fact. In *Fowler* v. *Colyer* (2 E. D. Smith, 125), it was held that a mere affidavit of merits disclosed no defence, and was not sufficient to warrant the granting a new trial.

Judgment affirmed.