## PLANO MFG. CO. v. MURPHY *et al.*

1. The agent of plaintiff in an action is not a "party" to the action, within Comp. Laws, § 4899, authorizing the service of summons by the sheriff or any other person not a party to the action, and a service by such agent is therefore valid.

2. Where a defendant suffered a default by reason of his belief that the service of summons made by plaintiff's agent was invalid because not made by an officer, the default was the result of a mistake of law, and therefore not ground for setting aside the judgment as procured through defendant's mistake or excusable neglect.

(Opinion filed Dec. 31, 1902.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action by the Plano Manufacturing Company against Michael W. Murphy and others. A judgment was rendered in favor of plaintiff by default, and from an order denying defendants' motion to vacate such judgment and grant defendants leave to answer they appeal. Affirmed.

*John B. Hanten,* for appellants.

A summons served by an agent of a corporation plaintiff does not give the court jurisdiction as the corporation cannot do by agent what it cannot do by an officer, it being obliged to act through its officers or agents. Rutherford v. Moody, 59 Ark. 328. The power conferred upon the courts to relieve parties from judgment taken against them by reason of their mistake, inadvertence, surprise or excusable neglect should be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice and in order that cases may be tried and disposed of on their merits. 4939 Comp. Laws, Griswald Linseed Oil Co. v. Lee 1 S. D. 531.

Congdon Hardware Company v. Consolidated Apex Company, 11 S. D. 376; Searles v. Christenson 5 S. D. 650.

*Charles N. Harris*, for respondent.

The agent of plaintiff does not come within the inhibition of the statute which precludes the plaintiff himself from serving the summons. Loucks v. Hollenbeck, 63 N. Y. Supplement 1, page 3587, Vol. 10 Gen'l Digest; Owen v. Gotzian, 16 Am. Law Reg. 181; First National Bank of Whitewater v. Estenson, 70 N. W. 775. It is held in many courts that service of a summons by a party to the action is a mere irregularity which cannot be taken advantage of after judgment. 22 Am. and Eng. Ency. of Law, page 110, note Hunter v. Lester, 10 Abb. Pr. 260; Myers v. Overton, 2 Abb. Pr. 344; Wail's N. Y. Annotated Code, note to Sec. 133-4, E. D. Smith 428; Parmalee v. Loomis, 24 Mich. 242; Owens v. Gotzian, 16 Am. Law Reg. 181. The mistake which will entitle one to relief under this statute is a mistake of fact, not of law. Vol. 6 Ency. of Pleading and Practice, page 167; Beckman v. Franker, 3 Cal. (N. Y.) 95; New York v. Green, 1 Hilt (N. Y.) 393; Skinner v. Ferry, 107 N. Car. 103; Chase v. Swain, 9 Cal. 130.

CORSON, J. This is an appeal from an order made by the circuit court of Brown county denying defendant's motion to vacate and set aside a judgment and for leave to answer. The motion seems to have been made upon the following grounds: First, that the summons in the action was not properly served upon the defendant, as the same was not served by an officer or by a person not a party to the action; second, that judgment was taken against the defendant through his mistake, inadvertence, surprise, or excusable neglect; third, that no

proper judgment was entered under the complaint in the action; and, fourth, that the complaint was not properly verified. The action was commenced in the circuit court of Brown county, and the summons was served on the defendant in Codington county by the collecting agent of the plaintiff. Section 4899, Comp. Laws, provides: "The summons may be served by the sheriff of the county where the defendant may be found or by any other person not a party to the action." The word "party" was evidently used in this section by the lawmaking power in its technical sense, and a person, therefore, not strictly a party to the record, is competent to serve a summons in a civil action.. The fact that E. F. McCoy was the collecting agent of the plaintiff did not disqualify him, and a service made by him therefore was a legal service. Bank v. Estenson, 68 Minn, 28, 70 N. W. 775; Loucks v. Hollenbeck (Sup.) 63 N. Y. Supp. 1. It appears from the affidavits that E. F. McCoy, as the agent of the plaintiff, had a conversation with the defendant regarding the payment of certain notes guaranteed by him and the other members of the firm, and that, not being able to effect a settlement, McCoy then served or attempted to serve the defendant with a summons in this action. It is not necessary to set out the affidavits of the various parties in detail, it being sufficient to state that the said E. F. McCoy handed to the defendant a copy of the summons, which the defendant refused to receive, and the same was left by him lying upon the table of the Kampeska House at Watertown. The only reason given by the defendant in his affidavit for not receiving the summons was that he entertained the opinion that no one but an officer could serve a summons in an action. The defendant does not claim that any fraud was practiced upon him,

and no mistake, inadvertence, surprise, or excusable neglect, such as the law contemplates, is shown. The only mistake for which relief will be granted is a mistake of fact. 6 Enc. Pl. & Prac. 167 Shearman v. Jorgensen, 106 Cal. 484, 39 Pac. 863; City of New York v. Green, 1 Hilt. 393; Skinner v. Terry, 107 N. C. 103, 12 S. E. 118. The opinion entertained by the defendant that no one but an officer could serve a summons upon him in a civil action was a mistake of law, and not of fact. The case of Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761, relied upon by appellant, does not sustain his contention. There are some facts in that case stated by the defendant Lee in his affidavit showing mistake and excusable neglect, which served to call into exercise the discretionary power of the trial court. But in the case at bar we fail to discover any mistake, inadvertence, surprise, or excusable neglect. We are of the opinion, therefore, that the trial court committed no error in denying the defendant's motion. The other points made have not been overlooked, but, in our view, they are without merit.

The order of the circuit court is affirmed.