STATE *ex rel.* WEST VIRGINIA TRUCK STOP, INC., *a corporation*

*v.*

W. H. BELCHER, *Judge, Common Pleas Court of Kanawha County, Division II and* KANAWHA VALLEY OIL COMPANY, *a corp.*

(No. 13221)

Submitted September 6, 1972. Decided October 10, 1972.

Dissenting Opinion November 2, 1972.

*Lewis, Ciccarello, Masinter & Friedberg, Martin J. Glasser,* for relator.

*Campbell, Love, Woodroe & Kizer, Charles M. Love, Jr., Charles E. Barnett,* for respondent Kanawha Valley Oil Co.

CARRIGAN, JUDGE:

This is an original proceeding instituted in this Court whereby West Virginia Truck Stop, Inc., seeks a writ of prohibition against W. H. Belcher, Judge of the Common Pleas Court of Kanawha County, West Virginia, Division II and Kanawha Valley Oil Company, a corporation.

Both relator, hereinafter referred to as Truck Stop, and respondent, Kanawha Valley Oil Company, hereinafter referred to as Oil Company, are West Virginia corporations. Truck Stop maintains and operates three truck fueling centers from which it sells to over-the-road vehicles, mainly tractor-trailer vehicles, diesel fuel and other petroleum products. The property upon which these centers is maintained is owned by Oil Company and are leased to Truck Stop. Oil Company is a distributor of diesel fuel which it obtains for re-sale from across state lines. The lease between Truck Stop and Oil Company provides that Truck Stop purchase and sell the brand

of gasoline, diesel fuel and other petroleum products designated by Oil Company.

On May 4, 1972, Truck Stop lodged with the Clerk of the U. S. District Court for the Southern District of West Virginia, a complaint alleging its lease with Oil Company was in violation of the Sherman and Clayton Anti-Trust Acts for the reason that Oil Company had required the purchase of fuel at prices which were not competitive with other suppliers and had set resale prices.

On May 5, 1972, Oil Company filed a suit in Common Pleas Court of Kanawha County seeking forfeiture of its lease with Truck Stop for its failure to purchase fuel from Oil Company allegedly in violation of the lease agreement. A copy of the summons and complaint in this action and a notice of motion were served on Truck Stop by one H. D. McGowen, a full-time employee of Oil Company on May 8, 1972, such service being performed during his regular working hours.

On May 10, 1972, Oil Company moved the Common Pleas Court for an order restraining Truck Stop from purchasing, stocking or selling on the leased premises fuel purchased from any other source than Oil Company. In opposition to said motion Truck Stop made a special appearance objecting to service of process on the ground that it was in violation of R.C.P. 4(c). Truck Stop further resisted the motion on the ground that a violation of the Federal Anti-Trust Acts was within the exclusive jurisdiction of the federal courts and to grant relief sought by Oil Company would require Truck Stop to comply with a contract which violated Federal Anti-Trust Acts.

On May 25, 1972, Truck Stop filed a notice of bona fide defense, and on June 7, 1972, filed a motion to dismiss the common pleas proceeding on the grounds of improper service of process and inability to file a counterclaim by reason of exclusive federal jurisdiction of anti-trust violations.

In resisting the motion to dismiss, Oil Company contended that Truck Stop did not comply with R.C.P. 12 by its motion to dismiss; that its service of process was by a credible person and that R.C.P. 13 did not require Truck Stop to raise by counterclaim its reliance upon violation of the Federal Anti-Trust Acts for that claim was then pending in another action, i.e., the proceeding in the U. S. District Court for the Southern District of West Virginia.

Following hearing in the Common Pleas Court, the Judge thereof ruled that service of process by an employee of Oil Company did not violate R.C.P. 4(c), and further held that R.C.P. 13 required Truck Stop to set forth as a counterclaim in the common pleas action Oil Company's alleged violation of the Federal Anti-Trust Acts, and granted the injunction prayed for against Truck Stop.

Truck Stop here contends that Oil Company seeks by its Common Pleas Court action to regain immediate possession of its property held under lease by Truck Stop, which relief, if granted, will cause Truck Stop irreparable harm.

Truck Stop bases its petition for writ of prohibition on the proposition that the Common Pleas Court of Kanawha County has no jurisdiction or has exceeded its jurisdiction for the reasons: (1) Service of process was by a party to the action, i.e., the agent employee of Oil Company and thus in violation of R.C.P. 4(c), and (2) its claim for violation of the Federal Anti-Trust Acts is within the exclusive jurisdiction of the federal courts and cannot be raised by compulsory counterclaim in the Common Pleas Court.

The awarding of a writ of prohibition in this State is governed by Article 1, Chapter 53, Code of West Virginia, 1931. A court may have jurisdiction of the subject matter of an action and yet lack jurisdiction of the parties and thus exceed its legitimate powers by proceeding to hear such action. *Morris v. Calhoun,* 119 W.Va. 603, 195 S.E. 341 (1938); *West Virginia School Activities Commission v. Wagner, Judge,* 143 W.Va. 508,

102 S.E.2d 901 (1958). To hear and determine an action the court must have jurisdiction of the parties. *State ex rel. Smith v. Bosworth, Judge,* 145 W.Va. 753, 117 S.E.2d 610 (1960). Thus we believe that prohibition is the proper remedy to test the matter of jurisdiction raised in this proceeding.

The first question to be resolved is whether the Common Pleas Court acquired jurisdiction of West Virginia Truck Stop, Inc., by the service of the summons and complaint by H. D. McGowen, during his regular working hours, he being a full-time employee of Kanawha Valley Oil Company, the plaintiff in the action in the Common Pleas Court. This involves the application and interpretation of R.C.P. 4, and particularly (c) thereof, which reads as follows:

"Rule 4. Process.

"(c) *By whom served.*—Service of all process shall be made with due diligence by the sheriff or by any credible person who is not a party, except that an attorney for a party shall not serve original process."

The case of *Hansford v. Tate,* 61 W.Va. 207, 56 S.E. 372 (1907), is authority for the proposition that where a sheriff is a party, process served by his deputy is voidable. However, that case was decided prior to the promulgation of our Rules of Civil Procedure, and the question here presented has not been passed on in this State since the adoption of said Rules. Because of the various statutes or rules of other states their decisions on the question of an agent acting, where his principal is disqualified to serve process, are not very enlightening.

The word "party" is sometimes held to be employed in its technical sense, and therefore an agent of the plaintiff, himself not a party of record, was competent to serve process. *Plano Mfg. Co. v. Murphy,* 16 S.D. 380, 92 N.W. 1072 (1902). To the contrary, however, is the case of *Froling v. Farrar,* 77 N.D. 639, 44 N.W.2d 763 (1950).

Respondents contend that R.C.P. 4(c) by express language excludes service of original process by the party or his attorney and that therefore, under the well-established rule of *expressio unius est exclusio alterius,* all other persons including corporate employees are qualified to serve the original process and complaint.

R.C.P. 4(d) (5) provides for service of the summons upon agents of a domestic corporation, with certain enumerated exceptions, where it cannot be served upon an officer, director or trustee of such corporation. If service can be had upon a domestic corporation by serving its agent, such agent would likewise be acting for the domestic corporation, a party to the action, in serving the original summons, and would fall within the prohibition against a party serving original process as set forth in R.C.P. 4(c). This being true since a corporation may act only through its agents.

While we have nothing in the record here to indicate what official position, if any, H. D. McGowen held with Kanawha Valley Oil Company, other than the return on the rule to show cause issued herein, showing service on "H. D. McGowen (Office Manager)" of Kanawha Valley Oil Company, it is not controverted that H. D. McGowen was a full-time employee of the Oil Company and service was made by him during his regular working hours. From these facts we conclude that McGowen was acting at the direction of and on behalf of Kanawha Valley Oil Company, and was acting as their agent for the purpose of serving the original summons and complaint upon Truck Stop. This action by Oil Company through its agent falls within the prohibition contained in R.C.P. 4(c) despite the fact that there is no contention that process was not served upon and received by Truck Stop or that McGowen was not a credible person.

We find no merit in relator's contention that he cannot plead restraint of trade in his counterclaim. While manifestly he intends to rely on the federal statute, commonly known as the Anti-Trust Acts, nevertheless if

the evidence discloses the contract to be in unreasonable restraint of trade within this State, this Court has held such conduct to be violative under the rules of the common law, and thus could be asserted in the present case. *Pocahontas Coke Co. v. Powhatan Coal & Coke Co.,* 60 W.Va. 508, 56 S.E. 264 (1906).

For the foregoing reason the writ of prohibition prayed for is awarded.

*Writ awarded.*

KESSEL, JUDGE, dissenting:

Respectfully, I dissent from the decision of the Court in this case. I disagree with the first point of the syllabus. I would hold that the service of the original process was valid in this case, although it was made by a full-time employee of the respondent corporation, Kanawha Valley Oil Company, referred to in the majority opinion as Oil Company. Subsection c of Rule 4, R.C.P., reads: "Service of all process shall be made with due diligence by the sheriff or by any credible person who is not a party, except that an attorney for a party shall not serve original process." This rule is plain, clear and unambiguous. It needs no interpretation.

The Court, by a reverse process of reasoning, has determined that since R.C.P. 4(d)(5) provides that a domestic private corporation can be served with process by delivering a copy "thereof to any agent of the corporation including, in the case of a railroad company, a depot or station agent in the actual employment of the company" when no officer, director or trustee of such corporation can be found, then, by the same token or reason, a full-time employee of such corporation could not, during his regular employment hours, serve an original process for his employer, who is a party to an action, because at such time he would be acting for his corporate employer and as his agent.

The answer to this is that R.C.P. 4(d)(5) permits service of a summons on an agent of a domestic private

corporation under certain conditions, for obvious reasons, and that R.C.P. 4(c) does not prohibit an agent from serving the process. There are only two exceptions to R.C.P. 4(c): (1) A party to an action cannot serve a process; and (2) an attorney for a party cannot serve an original process. The Rule (R.C.P. 4(c)) does not state that an agent cannot serve a process for his principal. I do not believe the majority is warranted in coming to this conclusion and holding that the full-time employee of the Oil Company is prohibited from serving the process in this proceeding under the facts and circumstances of this case.

The first point of the syllabus of the case of *Plano Mfg. Co. v. Murphy,* 16 S.D. 380, 92 N.W. 1072, cited by the majority for the proposition that an agent of a party of an action can serve a process for his principal and that he is not a party of the action, holds: "The agent of plaintiff in an action is not a 'party' to the action, within Comp. Laws, §4899, authorizing the service of summons by the sheriff or any other person not a party to the action, and a service by such agent is therefore valid." This, I believe, is good law and should be followed in this state.

In the case of *Froling v. Farrar,* 77 N.D. 639, 44 N.W.2d 763, also mentioned in the majority opinion as holding to the contrary, the court stated "that service of summons on defendant by plaintiff's husband, who conducted a collection agency jointly with plaintiff and would share any benefits from the suit was at least voidable, so as to render the judgment subject to vacation on timely motion, since the husband was a real party in interest." The court in the *Froling* case reasoned that since the husband of the plaintiff, the process server, had an interest in the subject matter of the action, he was a real party in interest. There was no determination here that an agent could not serve the process of his principal if he had no interest in the subject matter of the suit.

If we would follow the reasoning of the majority to its logical conclusion, then we would have to hold that no

agent could serve a process for his principal while in his full-time employ. This would exclude, for example, a full-time employee of a law firm whose part-time duties might be the serving of processes for the firm.

Then to take the next and final step would be to hold that no agent, full-time or part-time, could serve a process for his employer. This, in its ultimate reasoning, would, in effect, exclude all process servers except perhaps the sheriff; as every process server is the agent of the person for whom he serves the process.

I would, therefore, hold that the service of the process in this case was valid and I would discharge the writ.

I am authorized to say that Judge Berry joins in this dissent.