**The PEOPLE of the State of Colorado, Petitioner–Appellee, In the Interest of T.G., a Child,**

**and Concerning T.C., Respondent–Appellant.**

**No. 91CA1346.**

Colorado Court of Appeals, Div. I.

Aug. 27, 1992.

Rehearing Denied Sept. 24, 1992.

Certiorari Denied March 22, 1993.

John Suthers, Dist. Atty., Jann P. Dubois, Sr. Deputy Dist. Atty., Colorado Springs, for petitioner-appellee.

Gerald A. Kimble, Jr., Colorado Springs, for respondent-appellant.

Opinion by Judge PIERCE.

Arguing that he was not properly served with process in this paternity proceeding, respondent, T.C., appeals the default judgment entered by the trial court establishing him to be the father of T.G. We remand for further proceedings.

The action was commenced by the district attorney in accordance with § 19–4–101 et seq., C.R.S. (1986 Repl.Vol. 8B) to determine the existence of a father and child relationship between T.C. and T.G. Respondent did not appear at the hearing before a magistrate, and consequently, a default judgment establishing paternity and support was entered against him.

Respondent then filed a motion to set aside the default, alleging that he had not been personally nor properly served with process as required by C.R.C.P. 4(d) and C.R.C.P. 4(e). Respondent principally argued before the magistrate that since process was served by an employee of the district attorney's office, it was not proper because such an employee is incompetent to effect service under C.R.C.P. 4(d)(1). He points out that, under the rule, process may be served "within the state, by the sheriff of the county where service is made, or by his deputy, or by any person over the age of eighteen years, *not a party to the action.*" (emphasis added) Hence, he maintains that since services was accomplished by an employee of the office that appears on behalf of the People in this action, such service was improper under the rule.

The magistrate agreed, finding service was not accomplished by a disinterested and impartial person. Consequently, the magistrate set aside the judgment entered upon default.

The district attorney sought review of the magistrate's decision before the district court. The district court disapproved the magistrate's decision, and determined service was proper. Accordingly, it reinstated the default judgment.

On appeal, respondent again asserts service was not properly accomplished. We do not agree.

In *Nelson v. Chittenden*, 53 Colo. 30, 123 P. 656 (1912), the court had occasion to consider similar language in a code provision that permitted service of a summons "by any person not a party to the action." The court concluded the statute forbade an attorney of record to serve a summons, but that such statutory language was intended to make any person, other than the parties or their attorneys, competent to effect service, provided such person is not a minor.

The employee here is clearly not a "party" to this action as that term is used by C.R.C.P. 17. Further, it does not appear that the employee has any personal interest in this action that would be affected by its outcome, nor is he a named party. *See Wise v. Toner*, 65 Colo. 420, 176 P. 838 (1918). Thus, while the district attorney represents the People in *parens patriae* as a party litigant, service by counsel's employee, a non-party in fact and not counsel of record nor associate counsel, does not violate the rule. *See Columbia Valley Credit Exchange, Inc. v. Lampson*, 12 Wash.App. 952, 533 P.2d 152 (1975); *Plano Manufacturing Co. v. Murphy*, 16 S.D. 380, 92 N.W. 1072 (1902).

Respondent alternatively argues that, even if the employee could indeed properly effect service, such service was in fact not properly accomplished here as required by C.R.C.P. 4(e). Although this contention was raised before both the magistrate and the trial court, the trial court did not reach the issue. Accordingly, that contention must be addressed on remand.

The cause is remanded for further proceedings on the issue of whether service was effected in accordance with C.R.C.P. 4(c). If the court finds that service was proper, then the judgment stands affirmed, subject to respondent's right to appeal that determination. If the court finds service was not properly effected, then the default judgment is vacated.

HUME and ROTHENBERG, JJ., concur.