## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Deanna McKinney,**
**Defendant Below, Petitioner**

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0437** (Kanawha County 11-C-AP-152)

**Kathy L. Fannin,**
**Plaintiff Below, Respondent**

### MEMORANDUM DECISION

Petitioner Deanna McKinney, *pro se*, appeals an amended final order of the Circuit Court of Kanawha County, entered April 5, 2012, denying her appeal from the Magistrate Court of Kanawha County because she did not file her appeal within twenty days of the entry of the magistrate court's judgment. The magistrate court previously entered a default judgment against petitioner in the amount of $1,961 plus $60 in court costs in this landlord/tenant dispute. Respondent Kathy L. Fannin filed no response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons expressed below, the decision is reversed and this case is remanded for further proceedings. In so holding, this Court finds that this case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 18, 2011, respondent filed suit against petitioner, her former tenant, for damages to the rental property. On August 26, 2011, respondent filed an affidavit of default judgment alleging that petitioner was served with the summons and the complaint on August 5, 2011. Respondent alleged that the method of service was "self-serve." On August 29, 2011, the magistrate court entered a default judgment in respondent's favor in the amount of $1,961 plus $60 in court costs.

On October 6, 2011, respondent applied for a suggestee execution to begin the garnishment of petitioner's wages in satisfaction of the judgment. The suggestee execution was subsequently mailed to petitioner's employer. With interest and the costs of the execution, the total amount petitioner owed was $2,064.53.

On October 24, 2011, petitioner filed for an exemption and a temporary release of the suggestee execution. On the same day, petitioner filed a motion to set aside the default judgment alleging that "I was never served." Petitioner also disputed that she owed any money for damages.

1

The magistrate court denied petitioner's motion to set aside the default judgment on October 27, 2011. Petitioner did not appeal the magistrate court's denial of her motion.

On November 21, 2011, petitioner appealed the magistrate court's August 29, 2011 default judgment in respondent's favor to the circuit court. The circuit court noted that the basis of petitioner's appeal was that "she was not properly served with the complaint in the underlying magistrate court case." The circuit court found that petitioner was served in person on August 5, 2011. The circuit court determined that it lacked jurisdiction to consider petitioner's appeal of the August 29, 2011 default judgment because she did not file her appeal within twenty days of that judgment's entry. *See* Rule 18(a)(1), W.V.R.C.P.Mag.Ct.

On appeal, petitioner asserts that she did not become aware of the default judgment against her until the garnishment of her wages began. Petitioner asserts that no receipt of summons was ever produced to show her acceptance of the summons. Accordingly, petitioner argues that default judgment should not have been entered against her. Petitioner does not specifically address the circuit court's determination that her appeal was untimely.

Rule 18(c) the West Virginia Rules of Civil Procedure for Magistrate Courts provides that "[i]f no notice is filed within the 20-day [appeal] period, the circuit court may, not later than 90 days after the date of judgment, grant an appeal upon a showing of good cause why the notice was not filed within such 20-day period." In her affidavit of default judgment, respondent indicated that she personally served petitioner with the summons and the complaint. Under Rule 4(c)(2) of the West Virginia Rules of Civil Procedure, service may not be effected by a person who is a party.[1] *See* Syl. Pt. 1, *State ex rel. West Virginia Truck Stop, Inc. v. Belcher*, 156 W.Va. 183, 192 S.E.2d 229 (1972). Thus, the circuit court was incorrect to have found that petitioner was properly served. On the other hand, petitioner waited approximately a month after she apparently became aware of the default judgment to file an appeal of that judgment. The date of Ms. McKinney's appeal, November 21, 2011, is within ninety days of the default judgment's entry on August 29, 2011. Therefore, after careful consideration, this Court reverses the circuit court and remands the case to the circuit court for a determination of whether good cause exists to grant petitioner an appeal pursuant to Rule 18(c) of the West Virginia Rules of Civil Procedure for Magistrate Courts.

For the foregoing reasons, we reverse the decision of the Circuit Court of Kanawha County and remand this case for further proceedings.

Reversed and Remanded.

---

[1] Pursuant to Rule 3 of the West Virginia Rules of Civil Procedure for Magistrate Courts, Rule 4 of the West Virginia Rules of Civil Procedure governs service of process in civil actions in the magistrate court.

**ISSUED:**  July 8, 2013


**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**