## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David C. Tabb,**
**Petitioner Below, Petitioner**

**FILED**

**June 2, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0519** (Jefferson County 15-AA-4)

**The Jefferson County Commission,**
**sitting as the Board of Equalization and Review;**
**Peter Onoszko, in his official capacity as President of the Jefferson County**
**Commission; Jane Tabb, in her official capacity as Vice President of the Jefferson County**
**Commission; Patsy Noland, Josh Compton, and Caleb Hudson, in their official**
**capacities as Commissioners of the Jefferson County Commission; and Angie Banks,**
**Assessor of Jefferson County,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner David C. Tabb, pro se, appeals two orders of the Circuit Court of Jefferson County. In the first order, entered on July 21, 2015, the circuit court dismissed petitioner's appeal of the assessment of his real property for the 2015 tax year. In the second order, entered on May 6, 2016, the circuit court denied petitioner's motion to alter or amend its July 21, 2015, dismissal order. Respondents Jefferson County Commission, sitting as the board of equalization and review; Peter Onoszko, in his official capacity as President of the Jefferson County Commission; Jane Tabb, in her official capacity as Vice President of the Jefferson County Commission; and Patsy Noland, Josh Compton, and Caleb Hudson, in their official capacities as Commissioners of the Jefferson County Commission; and Angie Banks, Assessor of Jefferson County (collectively, "County Commission"); by counsel Nathan P. Cochran, filed a response in support of the circuit court's orders.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the names of the current public officers have been substituted as the respondents in this action.

1

Petitioner lives and owns real property in Jefferson County, West Virginia. By order dated February 20, 2015, the County Commission upheld the assessment of petitioner's real property for the 2015 tax year. Petitioner filed an appeal of the County Commission's February 20, 2015, order pursuant to West Virginia Code §§ 11-3-24 and 11-3-25 on March 18, 2015.

However, as petitioner concedes, he failed to properly serve his appeal on the County Commission in accordance with Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure, which provides that "[p]ersonal or substituted service shall be made in the following manner: . . . (D) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee[.]" Rather than having the circuit clerk mail the County Commission a copy of the complaint, petitioner mailed the County Commission a copy of the complaint himself. Also, instead of filing his appeal with a civil case information sheet ("CCIS") as required by Rule 3(b), he attached a docketing statement in the form required by the Rules of Procedure for Administrative Appeals, which do not apply in appeals from county agencies.[2]

The County Commission filed a motion to dismiss petitioner's appeal on April 8, 2015, based on petitioner's failure to satisfy those procedural requirements which the Commission described as jurisdictional and mandatory. Petitioner filed a response to the motion on April 20, 2015, and a supplemental response on April 27, 2015. The circuit court held a hearing on June 22, 2015. Following that hearing, the circuit court reserved a ruling and scheduled another hearing for July 20, 2015. However, the circuit court also stated that it "will issue a ruling in the future" regarding whether to dismiss the defective appeal. On July 15, 2015, the County Commission filed a motion to continue the July 20, 2015, hearing on the ground that the circuit court should proceed to rule as to whether the procedural defects required the dismissal of petitioner's appeal. The circuit court continued the July 20, 2015, hearing and then dismissed petitioner's appeal of the County Commission's order upholding the 2015 tax assessment on his property on July 21, 2015, finding that "there is no jurisdiction . . . over the [County Commission] until proper service is made."

Following the dismissal of his appeal, petitioner filed a motion to alter or amend the July 21, 2015, order pursuant to Rule 59(e) of the Rules of Civil Procedure and a motion to disqualify the circuit court judge. The circuit court did not rule on the motion for disqualification, but denied petitioner's motion to alter or amend the judgment on December 7, 2015. However, by an order entered on January 6, 2016, the Honorable David H. Sanders voluntarily recused himself from presiding in this case because he voluntarily recused himself from another case involving the same parties. Judge Sanders explained that he did not rule on petitioner's motion for disqualification in

---

[2]Rule 1(c) of the West Virginia Rules for Administrate Appeals defines an "appeal" as "[t]he procedure by which a case is brought from a *state* agency to a circuit court." (Emphasis added.); *See* Syl. Pt. 2, *Lipscomb v. Tucker County Comm'n*, 197 W.Va. 84, 475 S.E.2d 84 (1996) (same).

the instant case because it was "untimely" filed, but found that he should disqualify himself to avoid an appearance of impropriety "against the backdrop of this [other] case."

The Honorable Michael D. Lorensen was assigned to preside in this case. By order on March 21, 2016, Judge Lorensen vacated the December 7, 2015, order denying petitioner's motion to alter or amend the judgment, and ordered the County Commission to file a response to the motion and ordered that petitioner may file a reply to the response.[3] Petitioner responded to the March 21, 2016, order by filing a motion for Judge Lorensen's disqualification.[4] By order entered on April 19, 2016, the Chief Justice of this Court denied petitioner's motion and directed that Judge Lorensen to "continue to preside" in this case.

By an order entered on May 6, 2016, Judge Lorensen denied petitioner's motion to alter or amend the July 21, 2015, dismissal order. In his order, Judge Lorensen addressed whether the 120-day period in which petitioner had to properly serve his appeal on the County Commission should be extended pursuant to Rule 4(k). Judge Lorensen found that good cause did not exist under Rule 4(k) to extend the period in which petitioner had to attempt to perfect service of his appeal.

Petitioner now appeals the circuit court's July 21, 2015, order dismissing petitioner's appeal of the County Commissioner's order upholding the 2015 tax assessment on his property and its May 6, 2016, order denying his motion to alter or amend the judgment. "Appellate review of a circuit court's order granting a motion to dismiss an appeal from a decision of a county commission is *de novo*." Syl. Pt. 1, *Lipscomb v. Tucker County Comm'n*, 197 W.Va. 84, 475 S.E.2d 84 (1996)  We need not independently review the May 6, 2016, order. *See* Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998) (holding that "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to [Rule] 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based").

On appeal, petitioner raises numerous issues including the claim that the entire County Commission was disqualified from sitting as the board of equalization and review because of alleged bias. We will not address that claim because it goes to the merits of petitioner's appeal of the County Commission's order, and the circuit court did not dismiss the appeal on its merits. We limit our review to petitioner's two assignments of error: (1) the circuit court failed to reasonably accommodate him as a pro se litigant; and (2) the circuit court erred in finding that good cause did not exist under Rule 4(k) to extend the period in which petitioner had to properly serve his appeal on the County Commission. *See State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996)

---

[3]The County Commission filed a response to petitioner's motion to alter or amend the July 21, 2015, dismissal order on April 11, 2016.

[4]While petitioner did not object to Judge Lorensen presiding in the instant case, petitioner contended that the judge should have been assigned to the case by this Court's Chief Justice rather than by the chief judge of the circuit court.

(finding that those issues mentioned only in passing and not properly supported with legal authority are not considered on appeal).

In arguing that the circuit court failed to reasonably accommodate him as a pro se litigant, petitioner also asserts that the circuit court failed to afford him due process of law. In this case, we find that the two issues are one in the same given that "[t]he court should strive . . . to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake." *Blair v. Maynard*, 174 W.Va. 247, 253, 324 S.E.2d 391, 396 (1984); *see State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978) (finding that "[d]ue process of law is synonymous with fundamental fairness"). In *Blair*, we found that "[c]ases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not." 174 W.Va. at 253, 324 S.E.2d at 396. However, we cautioned that "the court must not overlook the rules to the prejudice of any party" and, "ultimately, the *pro se* litigant must bear the responsibility and accept the consequences of any mistakes and errors." *Id.*; *see W.Va. Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 394, 599 S.E.2d 810, 817 (2004) (finding that pro se litigant waived right to jury trial by (1) failing to participate in a scheduling conference; and (2) failing to express a desire for a jury trial at a pretrial conference and during the bench trial).

Petitioner contends that he did not have adequate notice of the circuit court's decision not to hold the hearing set for July 20, 2015. We find that, on July 20, 2015, the circuit court allowed petitioner to put his objection to its decision not to hold the hearing on the record, thereby preserving it for our review. Moreover, as the County Commission points out, petitioner suffered no prejudice from the circuit court's failure to hold the July 20, 2015, hearing. The parties presented argument on petitioner's failure to properly serve his appeal on the County Commission in accordance with Rule 4(d)(1)(D) (an issue which petitioner concedes) at the June 22, 2015, hearing. While the circuit court reserved a ruling and scheduled another hearing, the court informed the parties that it could rule on whether to dismiss petitioner's appeal in the interim. Therefore, we conclude that petitioner cannot show that he was prejudiced from any lack of notice of the circuit court's decision not to hold the July 20, 2015, hearing.

Petitioner next contends that he was treated unfairly because Judge Sanders denied his motion to alter or amend the judgment while his motion for the judge's disqualification was pending. Judge Sanders did not rule on petitioner's motion for disqualification because it was filed after petitioner's appeal was already dismissed. Nevertheless, given his voluntary recusal from another case involving the same parties, Judge Sanders subsequently voluntarily recused himself from this case. Judge Lorensen then vacated the earlier order denying petitioner's motion to alter or amend the judgment and considered the motion anew. Given Judge Lorensen's fresh consideration of petitioner's motion to alter or amend the judgment, we find that petitioner suffered no prejudice from Judge Sanders' now-vacated ruling on that motion while his motion for Judge Sanders' disqualification was pending. *See Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 773, 724 S.E.2d 733, 744 (2012) (finding that, under the facts and circumstances of that case, this same petitioner was not prejudiced by the circuit court's failure

4

to stay proceedings pending resolution of a motion for disqualification). Therefore, we conclude that the circuit court treated petitioner fairly by affording him adequate due process.[5]

While petitioner contends that his pro se status should have been a factor in favor of extending the time he had to attempt to perfect service of his appeal pursuant to Rule 4(k), we consider that argument in connection with petitioner's assignment of error that the circuit court erred in finding that good cause did not exist to extend that 120-day period. As an initial matter, we accept petitioner's concession that he failed to properly serve his appeal pursuant to Rule 4(d)(1)(D) inasmuch as the certificate of service attached to the appeal reflects that it was mailed to the County Commission by petitioner, not the circuit clerk.[6] In syllabus point 3 of *Beane v. Dailey*, 226 W.Va. 445, 701 S.E.2d 848 (2010), we reiterated that jurisdiction does not exist where service of process is defective. *See State ex rel. West Virginia Truck Stop, Inc. v. Belcher*, 156 W.Va. 183, 187, 192 S.E.2d 229, 232 (1972) (stating that, "[t]o hear and determine an action[,] the court must have jurisdiction of the parties").[7]

Rule 4(k) provides as follows:

*Time limit for service.* — If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In considering whether good cause exists pursuant to Rule 4(k), a circuit court should consider the following: (1) length of time to obtain service of process; (2) activity undertaken to attempt to perfect service; (3) knowledge of the location of the party to be served; (4) the ease with which that party's location could be known; (5) actual knowledge of the proceeding by the party to be served; and (6) special circumstances. *See Burkes v. Fas-Chek Food Mart Inc.*, 217 W.Va. 291, 298, 617 S.E.2d 838, 845 (2005). Petitioner contends that the County Commission received a copy of the appeal because he mailed it to the Commission. However, in *Belcher*, we found that the lower

---

[5]We note that petitioner was due a fair proceeding, not a perfect one. *See Sprouse v. Clay Communication, Inc.*, 158 W.Va. 427, 464, 211 S.E.2d 674, 698 (1975).

[6]In syllabus point 8 of *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991), we held that we would accept a party's concession only after an independent review of the issue.

[7]In syllabus point 5 of *Cable v. Hatfield*, 202 W.Va. 638, 505 S.E.2d 701 (1998), we similarly held that a circuit clerk lacks the authority to file an initial pleading if it is not accompanied by a CCIS. However, as we explained *infra*, petitioner's failure to properly serve the Commission with his appeal constitutes a sufficient basis on which to affirm the circuit court's dismissal of the appeal. Therefore, we decline to address the issue of the missing CCIS.

5

court did not have jurisdiction over a defendant in a civil action despite its receipt of the complaint because the complaint was served in person by the plaintiff's employee during working hours, which we held constituted improper service under Rule 4. 156 W.Va. at 188, 192 S.E.2d at 233.

While petitioner further contends that his pro se status should have been a factor in favor of extending the 120-day period in which to attempt to perfect service of his appeal, the County Commission counters that petitioner is a sophisticated litigant, demonstrated by his history of filing numerous actions in the Circuit Court of Jefferson County.[8] In *Burkes*, we found that good cause existed to extend the 120-period under Rule 4(k) given the defendant's lack of cooperation, noting that "[the] plaintiff is not required to shoot with precision at a moving target." 217 W.Va. at 298, 617 S.E.2d at 845. In contrast, we find that petitioner knew that the County Commission was contending that he failed to properly serve it with his appeal because the Commission asserted improper service in its April 8, 2015, motion to dismiss. According to the parties, petitioner did not make a second attempt to serve his appeal on the County Commission until over a year later in May of 2016, the same month that he appealed the circuit court's dismissal order to this Court.[9] Therefore, we reject petitioner's argument as without merit and conclude that the circuit court did not err in finding that good cause did not exist under Rule 4(k) to extend the time petitioner had to perfect service of his appeal.

Finally, while Rule 4(k) provides for a dismissal without prejudice, we note that the instant case is an administrative appeal of the County Commission's February 20, 2015, order upholding the 2015 tax assessment on petitioner's property pursuant to West Virginia Code §§ 11-3-24 and 11-3-25. In *Tax Assessment Against Purple Turtle, LLC v. Gooden*, 223 W.Va. 755, 762, 679 S.E.2d 587, 594 (2009), we reiterated that the time limitations set forth in West Virginia Code §§ 11-3-24 and 11-3-25 are "mandatory statutory jurisdictional requirements." (Footnote omitted.) West Virginia Code §§ 11-3-24 and 11-3-25 provide that an appeal of the County Commission's order must be filed within thirty days of the Commission's adjournment as the board of equalization and review at the end of February of each year. Therefore, we find that petitioner may not refile his appeal of the County Commission's February 20, 2015, order as it is now time-barred.

For the foregoing reasons, we affirm the circuit court's July 21, 2015, order dismissing petitioner's appeal of the assessment of his real property for the 2015 tax year and its May 6, 2016, order denying petitioner's motion to alter or amend the July 21, 2015, order.

Affirmed.

---

[8]*See, e.g.*, *Tabb v. County Commission of Jefferson County*, No. 15-1155, at 4 (W.Va. Supreme Court, November 18, 2016) (memorandum decision); *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 771, 724 S.E.2d 733, 742 (2012).

[9]The County Commission states that it reserves the right to object to the service of petitioner's appeal of its February 20, 2015, order in May of 2016 as improper pending the outcome of the instant appeal.

**ISSUED:** June 2, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

7