# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jason M. Payne,**
**Petitioner Below, Petitioner**

**vs)   No. 18-0215** (Morgan County 07-F-69)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason M. Payne, pro se, appeals the February 14, 2018, order of the Circuit Court of Morgan County denying his petition for a writ of mandamus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Robert L. Hogan, filed a summary response in support of the circuit court's order.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the underlying criminal case, No. 07-F-69, petitioner was sentenced to forty years of incarceration for second-degree murder, with an additional five years of incarceration as an

---

[1]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

[2]On October 12, 2018, petitioner filed a motion to file a reply out of time. This Court denied petitioner's motion by order entered October 16, 2018.

1

enhancement for a prior felony conviction.[3] On January 25, 2016, respondent issued a notice of withholding notifying petitioner that deductions from his prison trust account would commence on March 25, 2016, pursuant to West Virginia Code § 25-1-3c(c)(1),[4] to pay assessed court costs and restitution in No. 07-F-69 in the total amount of $21,239.32. On February 13, 2018, petitioner filed a petition for a writ of mandamus in No. 07-F-29, requesting that respondent cease making deductions from petitioner's prison trust account and reimburse him for amounts already deducted. According to the attached certificate of service, petitioner served the petition on the Circuit Court of Morgan County and the Circuit Clerk of Morgan County, but failed to serve the petition on either respondent or the Prosecuting Attorney of Morgan County ("Prosecuting Attorney") as the State's attorney in No. 07-F-29. The next day, February 14, 2018, the circuit court entered an order denying the petition. On February 26, 2018, petitioner filed a motion to alter or amend the February 14, 2018, denial of his petition. Again, petitioner failed to serve this motion on either respondent or the Prosecuting Attorney. On March 26, 2018, the circuit court denied the motion to alter or amend.

Petitioner now appeals the circuit court's February 14, 2018, order denying the petition for a writ of mandamus. "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).

On appeal, petitioner argues that the circuit court erred in denying his mandamus petition. However, respondent asks that we affirm the circuit court's denial of the petition on an alternate ground. Respondent argues that petitioner seemingly filed a civil action (i.e., a mandamus action) in a criminal case. However, regardless of the exact nature of the proceeding, petitioner failed to serve his petition on either respondent or the Prosecuting Attorney as the State's attorney in No. 07-F-69.[5] Respondent argues that we should affirm the circuit court's February 14, 2018, order based on petitioner's failure to serve the mandamus petition and the court's resulting lack of personal jurisdiction over respondent. We agree with respondent.

In *Painter v. Ballard*, 237 W.Va. 502, 505, 788 S.E.2d 30, 33 (2016), a mandamus action, the petitioner challenged respondent's implementation of statutory and regulatory directives

---

[3]*See* W.Va. Code § 61-11-18(a).

[4]The provision formerly codified at West Virginia Code § 25-1-3c(c)(1) is now set forth at West Virginia Code § 15A-4-11(c)(1).

[5]Rule 49(b) of the West Virginia Rules of Criminal Procedure provides:

**(b) Service: How Made.** Whenever under these rules or by an order of the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party personally is ordered by the court. Service upon the attorney or upon a party shall be made in the manner provided in civil actions.

regarding deductions from the petitioner's prison trust account to pay court-ordered restitution. We reiterated that jurisdiction constituted a threshold issue, noting that it was "the inherent power of a court to decide a case." *Id.* at 507, 778 S.E.2d at 35 (citing *Sidney C. Smith Corp. v. Dailey*, 136 W.Va. 380, 386-87, 67 S.E.2d 523, 526-27 (1951)) (Internal quotations and other citations omitted.). "Jurisdiction is made up of two elements—jurisdiction of the subject matter and jurisdiction of the person." *Sidney C. Smith Corp.*, 136 W.Va. at 386, 67 S.E.2d at 526. In *State ex rel. West Virginia Truck Stop, Inc. v. Belcher*, 156 W.Va. 183, 192 S.E.2d 229 (1972), we found that, "[t]o hear and determine an action[,] the court must have jurisdiction of the parties." *Id.* at 187, 192 S.E.2d at 232; *see* Syl. Pt. 3, *Beane v. Dailey*, 226 W.Va. 445, 701 S.E.2d 848 (2010) (holding that jurisdiction does not exist where service of process is defective). Based on our review of the certificate of service attached to the mandamus petition, and the record as a whole, we find that the circuit court did not have personal jurisdiction over respondent given petitioner's failure to serve his petition on respondent. Accordingly, we affirm the circuit court's denial of the petition on the ground that jurisdiction did not exist over both of the parties.

For the foregoing reasons, we affirm the circuit court's February 14, 2018, order denying petitioner's petition for a writ of mandamus.

Affirmed.

**ISSUED**:   June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison