# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jamie Crabtree,**
**Defendant Below, Petitioner**

**vs.)   No. 18-1070** (Mineral County 18-C-9)

**KELCO Federal Credit Union,**
**Plaintiff Below, Respondent**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jamie Crabtree, self-represented, appeals the November 2, 2018, order of the Circuit Court of Mineral County finding petitioner in contempt of court and directing the Sheriff of Mineral County to take petitioner into custody if petitioner failed to turn over a 2010 Harley Davidson motorcycle to Respondent KELCO Federal Credit Union by 9:00 p.m. on November 5, 2018. Respondent, by counsel Tara M. Yuzy Collier, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 14, 2018, respondent filed a complaint in the Circuit Court of Mineral County, alleging that in 2015, petitioner purchased a 2010 Harley Davidson motorcycle through a loan obtained from respondent in the amount of $8,500 and used the motorcycle as collateral for the loan. In the complaint, respondent further alleged that petitioner missed the monthly loan payment for November of 2017 and that it sent petitioner a notice of default on December 27, 2017, to which she failed to respond. Finally, respondent alleged that on January 9, 2018, its agent attempted to repossess the motorcycle but was prevented from doing so "due to resistance from an acquaintance of [petitioner]."

1

On June 1, 2018, respondent filed an affidavit of service from a process server, stating that the complaint and summons were served on petitioner pursuant to Rule 4(d)(1)(B) of the West Virginia Rules of Civil Procedure, which generally permits service on an individual by delivering a copy of the complaint and summons to a family member, over sixteen years of age, at that individual's dwelling place. According to the affidavit of service, the process server delivered the complaint and summons to Fernando Smith, who was "of suitable age [(forty-five to fifty years old)] and discretion in that . . . the relationship to [petitioner] is (Boyfriend)," and Mr. Smith "accepted [the] documents on [petitioner]'s behalf and also confirmed residency of [petitioner], who was also present." (Some underlined emphasis omitted). Petitioner identifies Mr. Smith as her estranged husband.

After petitioner's failure to file an answer to the complaint, respondent filed a motion for default judgment, which the circuit court granted by order entered on June 4, 2018. In that order, the circuit court awarded respondent a judgment in the amount of $4,882.58, plus post-judgment interest and court costs and fees, and directed the Sheriff of Mineral County to repossess the motorcycle on respondent's behalf. The sheriff attempted the repossession on June 14, 2018, but was informed by Mr. Smith that he moved the motorcycle "to another [S]tate prior to [the] issuance of [the June 4, 2018,] order and he refused to provide [the motorcycle's] exact location[.]"

On July 26, 2018, respondent filed a motion asking the circuit court to find petitioner in contempt of court and direct her to disclose the motorcycle's location so that it could be repossessed. On September 7, 2018, the circuit court entered a notice of hearing for September 20, 2018. However, petitioner filed a motion for a continuance on September 14, 2018, and also asked for a postponement at the September 20, 2018, hearing. Accordingly, the circuit court held a hearing on respondent's motion for contempt on November 2, 2018. By order also entered on November 2, 2018, the circuit court found petitioner in contempt of court and directed the sheriff to take petitioner into custody if petitioner failed to turn over the motorcycle to respondent by 9:00 p.m. on November 5, 2018. On November 26, 2018, petitioner filed a motion for reconsideration of the November 2, 2018, order, which the circuit court denied by order entered on December 18, 2018. However, the record reflects that the circuit court has not yet enforced its contempt finding against petitioner. Petitioner now appeals the circuit court's November 2, 2018, order directing her to turn over the motorcycle or be incarcerated for contempt of court.

In Syllabus Point 2 of *Kinsinger v. Pethel*, 234 W. Va. 463, 766 S.E.2d 410 (2014), we held:

> "In reviewing the findings of fact and conclusions of law of a circuit court supporting a civil contempt order, we apply a three-pronged standard of review. We review the contempt order under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review." Syl. Pt. 1, *Carter v. Carter*, 196 W. Va. 239, 470 S.E.2d 193 (1996).

Here, the contempt order is civil in nature given that the circuit court provided petitioner with the means to purge herself of the contempt. *See* Syl. Pt. 9, in part, *Eastern Associated Coal Corp. v.*

2

*Doe*, 159 W. Va. 200, 220 S.E.2d 672 (1975) ("In a contempt proceeding, whenever the defendant may effect [her] release from jail by performing such act or acts as the court directs, the contempt is civil in nature[.]")

On appeal, petitioner raises several issues. "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." *Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)). Here, we decline to consider two of petitioner's alleged errors because she failed to properly present those issues to the circuit court. First, petitioner argues that the circuit court was biased against her. The proper method of seeking a judge's disqualification is to file a motion pursuant to Rule 17.01 of the West Virginia Trial Court Rules, and there is no indication in the record that petitioner filed such a motion in this case. Second, petitioner argues that the circuit court failed to address her claim that respondent's agent breached the peace when attempting to repossess the motorcycle on January 9, 2018. Petitioner further argues that she raised that issue in her September 14, 2018, motion for a continuance. However, given petitioner's failure to file any pleading prior to the entry of default judgment, we find that petitioner did not make any counterclaim that the circuit court was required to consider.

Petitioner argues that the circuit court had neither personal jurisdiction over her nor jurisdiction over the subject matter (the motorcycle) and further argues that the circuit court abused its discretion in finding her in contempt of court. We first address whether the circuit court had personal jurisdiction over petitioner due to the service of the complaint and summons upon Mr. Smith, whom she identifies as her husband. In *State ex rel. West Virginia Truck Stop, Inc. v. Belcher*, 156 W. Va. 183, 187, 192 S.E.2d 229, 232 (1972), we found that "[t]o hear and determine an action[,] the court must have jurisdiction of the parties." *See* Syl. Pt. 3, *Beane v. Dailey*, 226 W. Va. 445, 701 S.E.2d 848 (2010) (holding that jurisdiction does not exist where service of process is defective). While petitioner alleges that service was defective, she points to nothing in the record to contradict the statements set forth in the affidavit of service that the requirements of Rule 4(d)(1)(B) were met.[1] *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) ("We will take as non[-]existing all facts that do not appear in the designated record[.]").[2] Therefore, we find that the complaint and summons were properly served on petitioner pursuant to Rule 4(d)(1)(B).

We find that petitioner's last two arguments are intertwined due to her position that the circuit court abused its discretion in finding her in contempt when she does not know the out-of-

---

[1]Rule 4(d)(1)(B) of the Rules of Civil Procedure provides that "[s]ervice upon an individual other than an infant, incompetent person, or convict may be made by: . . . (B) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint."

[2]By order entered on January 23, 2019, we granted petitioner's motion for a designated record and directed the Circuit Clerk of Mineral County to transmit the entire record to this Court. We received the record on March 14, 2019.

state location of the motorcycle. Petitioner further argues that the motorcycle was not in this State at the time respondent filed its action against her. Respondent counters that petitioner is the motorcycle's registered owner and there is no indication that she has reported it stolen. Respondent further argues that there is evidence that petitioner's husband moved the subject motorcycle to another State after respondent sought the aid of the court to repossess it.

In *Painter v. Ballard*, 237 W. Va. 502, 507, 788 S.E.2d 30, 35 (2016), we reiterated that jurisdiction was "the inherent power of a court to decide a case." (citing *Sidney C. Smith Corp. v. Dailey*, 136 W. Va. 380, 388, 67 S.E.2d 523, 527 (1951)) (Internal quotations and additional citation omitted). In addition to personal jurisdiction, the other element constituting jurisdiction is jurisdiction over the subject matter. *Sidney C. Smith Corp.*, 136 W. Va. at 386, 67 S.E.2d at 526. Here, based on our review of the record, we find that the motorcycle was in this State at the time of the filing of respondent's action, and, therefore, reject petitioner's argument that the circuit court did not have subject matter jurisdiction. We further find that the record indicates that petitioner maintains control of the motorcycle. Accordingly, we conclude that the circuit court did not abuse its discretion in finding petitioner in civil contempt given its willingness to allow petitioner to purge herself by turning over the motorcycle. *See* Syl. Pt. 9, *Doe*, 159 W. Va. at 201-02, 220 S.E.2d at 675.

For the foregoing reasons, we affirm the circuit court's November 2, 2018, order directing petitioner to turn over the motorcycle or be incarcerated for contempt of court.

Affirmed.

**ISSUED:** June 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4