617 S.E.2d 838

Marion C. BURKES, Plaintiff Below, Appellant,

v.

FAS–CHEK FOOD MART INCOR-PORATED, Defendant Below, Appellee.

No. 31777.

Supreme Court of Appeals of West Virginia.

Submitted: Feb. 8, 2005.

Filed: June 24, 2005.

C. Patrick Jacobs, Esq., Bickley & Jacobs, Charleston, for Appellant.

Anita R. Casey, Esq., Donna S. Quesenberry, Esq., MacCorkle, Lavender, Casey & Sweeney, Charleston, for Appellee.

Justice STARCHER delivered the Opinion of the Court.

STARCHER, J.

The appellant appeals from an order by the Circuit Court of Kanawha County dismissing the appellant's civil complaint because the appellant failed to effect proper service upon the appellee within the 120–day time period provided for in Rule 4(k) of the *West Virginia Rules of Civil Procedure* [1998].

We find that the circuit court erred in finding that good cause did not exist to extend the 120–day time period, and erred in denying the appellant's request to reinstate her case to the circuit court's docket. As set forth below, we reverse the circuit court's order.

## I.

### *Facts & Background*

On May 16, 2003, appellant Marion C. Burkes filed a complaint in the Circuit Court of Kanawha County. In her complaint, the appellant alleged that in June 2001 she had slipped and fallen on property owned by the appellee, Fas–Chek Food Mart Incorporated, a domestic corporation. However, the appellant misnamed the defendant "Fas–Check Supermarket, Inc." in her complaint.

The appellant sought to serve her complaint upon the appellee through the West Virginia Secretary of State. Unfortunately, because the appellant did not properly name the appellee, this first attempted service was rejected by the Secretary of State.

The appellant then made another attempt to serve the complaint. Based on information obtained from the Secretary of State, the appellant filed a first amended complaint naming "WCM, Inc." as the corporate-defendant. The appellant was later advised by the Secretary of State that "WCM, Inc." was not a corporation authorized to do business in

West Virginia, and service was again apparently rejected.

The appellant, through counsel, then contacted Donald Tate, the appellee's president[1] and designated agent. Relying upon the information provided by Mr. Tate, on June 30, 2003, the appellant filed a second amended complaint against "Fas–Chek Food Mart Incorporated," the name given to the appellant by Mr. Tate as the proper corporate name.

On July 7, 2003, the Secretary of State accepted service of process on behalf of "Fas–Chek Food Mart Incorporated," and forwarded the complaint to the appellee by certified mail. On July 31, 2003, the certified mail was returned to the Secretary of State's office as "unclaimed" with "other" marked as the only explanation. Because the appellee failed to *accept* or to *refuse* the certified mailing of the complaint, appellant again failed to perfect service of process on the appellee.[2]

On October 7, 2003, the Circuit Clerk of Kanawha County filed a "Notice of Failure to Make Service Within 120 Days" from the date the case was filed in accordance with Rule 4(k) of the *West Virginia Rules of Civil Procedure* [1998]. By an order entered on October 24, 2003, the circuit court dismissed the appellant's complaint without prejudice because the appellant failed to obtain service "within 120–days of the filing of this complaint" against the appellee.

On November 10, 2003, the appellant filed a motion to reinstate the complaint to the circuit court's docket, arguing that service upon the appellee was sufficient and that good cause existed to reinstate the appellant's complaint. By an order entered January 13, 2004, without a hearing on the appellant's motion, the circuit court found that no "good cause or other justification" existed to reinstate the appellant's complaint.

The appellant appeals from this order.

## II.

### Standard of Review

We review a circuit court's order denying a motion to reinstate a plaintiff's complaint, brought under Rule 4(k) of the *West Virginia Rules of Civil Procedure*, under an abuse of discretion standard:

This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.

Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). *In accord, Kelley v. Toyota Corp.*, 210 W.Va. 261, 557 S.E.2d 315 (2001).

## III.

### Discussion

In the instant case we are asked to determine whether the circuit court erred in its finding that good cause did not exist to extend the time available for the appellant to serve her complaint upon the appellee. To resolve this issue, we must examine our statutes concerning the service of process upon domestic corporations, and our *Rules of Civil Procedure* governing the service of process.

To begin, *W.Va.Code*, 56–3–13 [1975] and *W.Va.Code*, 31D–5–504 [2002] govern service of process and notice on domestic corporations such as the appellee. *W.Va.Code*, 56–3–13(d) provides, in pertinent part, that process against or notice to a corporation created by virtue of the laws of this State may be served:

... on the secretary of state as statutory attorney-in-fact of such corporation [using the procedures set forth by law] ... or on any person appointed by it to accept service of process in its behalf, or on its president or other chief officer, or its vice

---

1. At oral argument, appellant's counsel stated that the parties had engaged in settlement negotiations even before the appellant filed her initial complaint.

2. As we discuss in more detail, *infra*, the statute pertaining to service of process upon a domestic corporation, *W.Va.Code*, 31D–5–504(c) [2002],

permits service through the Secretary of State to be successful if a copy of the process is transmitted to the corporation's agent by "registered or certified mail, return receipt requested," and the mail is either accepted or is returned to the Secretary of State marked showing "that delivery has been refused[.]"

president, cashier, assistant cashier, treasurer, assistant treasurer, secretary, or any member of its board of directors, or, if no such officer or director be found, on any agent of such corporation....

*W.Va.Code,* 31D–5–504 [2002] sets forth numerous additional methods for serving process on domestic corporations, including the procedures to be used for service through the Secretary of State's office. *W.Va.Code,* 31D–5–504(c) states, in pertinent part:

... the secretary of state is hereby constituted the attorney-in-fact for and on behalf of each corporation created pursuant to the provisions of this chapter. The secretary of state has the authority to accept service of notice and process on behalf of each corporation and is an agent of the corporation upon whom service of notice and process may be made in this state for and upon each corporation. No act of a corporation appointing the secretary of state as attorney-in-fact is necessary. Service of any process, notice or demand on the secretary of state may be made by delivering to and leaving with the secretary of state the original process, notice or demand and two copies of the process, notice or demand for each defendant, along with the fee.... Immediately after being served with or accepting any process or notice, the secretary of state shall: ... (2) transmit one copy of the process or notice by registered or certified mail, return receipt requested, to: (A) The corporation's registered agent; or (B) if there is no registered agent, to the individual whose name and address was last given to the secretary of state's office as the person to whom notice and process are to be sent and if no person has been named, to the principal office of the corporation as that address was last given to the secretary of state's office. Service or acceptance of process or notice is sufficient if return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the secretary of state is refused by the addressee and the registered or certified mail is returned to the secretary of state, or to his or her office, showing the stamp of the United States postal service that delivery has been refused, and the return receipt or registered or certified mail is appended to the original process or notice and filed in the clerk's office of the court from which the process or notice was issued....

The appellant argues that, in both of the above-quoted statutes, the Secretary of State is constituted an agent and attorney-in-fact for a domestic corporation. The appellant further asserts that, because the Secretary of State accepted service of her complaint and forwarded copies of the complaint to the last-known address of the appellee, proper service of process upon the appellee has been accomplished.

The appellee, however, points out that any service of process or notice given to a domestic corporation through the Secretary of State's office must be forwarded to the corporation or its agent by registered or certified mail, return receipt requested. That service of process or notice is sufficient only if (1) the return receipt is signed by an agent or employee of the corporation, or (2) the registered or certified mail is "refused by the addressee" and returned to the Secretary of State marked "showing the stamp of the United States postal service that delivery has been refused[.]" The appellee argues that, in the instant case, the return receipt on the appellant's complaint was neither signed by an agent or employee of the appellee's company, nor did the postal service stamp on the certified mail returned to the Secretary of State reflect that the complaint was "refused" by the addressee. In other words, the appellee argues that service was not sufficient under the statute.

We recently addressed a similar situation, and a similar statute, involving service of process through the Secretary of State upon a foreign corporation. In *Crowley v. Krylon Diversified Brands,* 216 W.Va. 408, 607 S.E.2d 514 (2004), the plaintiff attempted to serve a summons and complaint on a foreign corporation by having the Secretary of State serve process on an agent designated for service of process. Unknown to both the corporation and the Secretary of State, the designated agent had moved or died and the order forwarding the agent's mail to a successor had expired. The Secretary of State

in *Crowley* sent the plaintiff's summons and complaint via certified mail to the defendant's designated agent. The certified mail was returned to the Secretary of State with a notice indicating it was not delivered for the stated reason of "Forwarding Order Expired."

The plaintiff in *Crowley* later obtained a default judgment against the defendant. On appeal to this Court, we reversed, concluding that the plaintiff had failed to obtain proper service of process as required by statute. We examined the statutes pertaining to service of process or notice upon foreign corporations—*W.Va.Code*, 31D–15–1510 [2002] and its now-repealed predecessor, *W.Va.Code*, 31–1–15 [1997]—and found that both statutes permitted service of process or notice to be successfully achieved only when a registered or certified mailing by the Secretary of State was returned as either accepted or "refused" by an agent or employee of the corporation. We held, in the Syllabus of *Crowley*, that:

> Under the provisions of *W.Va.Code*, 31–1–15 [1997] and 31D–15–1510 [2002], service of process on a corporation is insufficient when notice or process is mailed using registered or certified mail to an authorized corporation's listed agent by the Secretary of State, is neither accepted or refused by the agent, and the mail is returned to the Secretary of State because the notice or process is undeliverable.

In sum, service of process upon a foreign corporation through the Secretary of State is not successful when a registered or certified mailing is returned for any reason *other* than being accepted or refused.

We "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Martin v. Randolph Co. Bd. of Educ.*, 195 W.Va. 297, 312, 465 S.E.2d 399, 414 (1995) (citation omitted). We believe that the reasoning applied in *Crowley* is just as applicable to the interpretation of *W.Va.Code*, 31D–5–504(c). As in *Crowley*, under *W.Va.Code*, 31D–5–504(c), service of process or notice upon a domestic corporation through the Secretary of State is insufficient when a registered or certified mailing of the process or notice is neither accepted nor refused by an agent or employee of the corporation.

The record in the instant case indicates that the Secretary of State mailed a copy of the appellant's summons and complaint by certified mail, return receipt requested, to the appellee's registered agent for service of process, Mr. Tate. The certified mail was returned to the Secretary of State marked "Attempted—Not Known." Because the mailing was not returned as "refused," we find the circuit court did not err in presuming that the appellee had not been properly served.

We turn now to the appellant's argument that the circuit court should have found good cause existed to extend the time available for the appellant to effect service of process upon the appellee.

The appellant's argument implicates Rule 4(k) of the *Rules of Civil Procedure* [1998], which was adopted by the Court in 1998. Under the current rule, service must be perfected upon a defendant within 120 days after the filing of the complaint. Rule 4(k) states:

> (k) *Time limit for service.*—If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Prior to its amendment in 1998, much of Rule 4(k) was found in Rule 4(l) [1995]. The rule then stated:

> (l) *Summons: Time limit for service.*— If service of the summons and complaint is not made upon a defendant within 180 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The most obvious difference between Rule 4(k) and Rule 4(*l*) is that the former variation of the rule allowed a plaintiff 180 days to effect service of a complaint upon a defendant.

Our attention, however, is upon that portion of the rule concerning the options available to a court and to a plaintiff to avoid dismissing a complaint that has not been served within the time limits contained in the rule.

Prior to 1998, we recognized that a circuit court had a mandatory duty under Rule 4 to dismiss a complaint that was not served timely, and that a plaintiff had only two options to avoid the dismissal: to show good cause to the circuit court why the complaint was not served, or refile the complaint before the expiration of any statutes of limitation. As we held in Syllabus Point 3 of *State ex rel. Charleston Area Medical Center v. Kaufman*, 197 W.Va. 282, 475 S.E.2d 374 (1996):

> Dismissal under Rule 4(*l*) of the West Virginia Rules of Civil Procedure is mandatory in a case in which good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance with Rule 4(*l*) has two options to avoid the consequences of the dismissal: (1) To timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect service under the new complaint.

When Rule 4 was amended in 1998, and Rule 4(1) was redesignated as Rule 4(k), the amendments contained a new provision which added a third option that was not contained in Rule 4(1). This new provision, as found in Rule 4(k) [1998], states that a trial court now has discretionary authority to "direct that service be effected within a specified time." Consequently, our holding in Syllabus Point 3 of *Kaufman* should be viewed as modified by the 1998 amendment to Rule 4(k), to the extent that *Kaufman* may be read as not permitting a trial court to extend the period for service of process without a showing of good cause.

The new provision in Rule 4(k) is found in and was taken from its federal counterpart,

Rule 4(m). Federal courts have interpreted the incorporation of this provision into the rule to mean that "courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996) (*citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4*, 28 U.S.C.App. p. 654). *See Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir.1995); *Espinoza v. U.S.*, 52 F.3d 838 (10th Cir.1995); *Thompson v. Brown*, 91 F.3d 20 (5th Cir.1996); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338 (7th Cir.1996); *Mann v. American Airlines*, 324 F.3d 1088 (9th Cir. 2003); *Horenkamp. v. Van Winkle And Co., Inc.*, 402 F.3d 1129 (11th Cir.2005).

The leading treatise on the *West Virginia Rules of Civil Procedure* states that "[f]actors courts should consider in determining whether to extend the time for service, in the absence of good cause, include: (1) whether the defendant evaded service, (2) whether the defendant knowingly concealed a defect in service, (3) whether the statute of limitations has expired, and (4) whether the defendant has been prejudiced by failure to serve." Franklin D. Cleckley, *et al., Litigation Handbook on West Virginia Rules of Civil Procedure*, § 4(k), at 125 (2002), *citing Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662 (D.Vt.1996).

We therefore hold that under Rule 4(k) of the *Rules of Civil Procedure* [1998], if a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice. However, the circuit court shall extend the time for service if the plaintiff shows good cause for the failure. In the absence of a showing of good cause, upon motion or upon its own initiative, the circuit court may in its discretion extend the time for service. Factors circuit courts should consider in determining whether to extend the time for service, in the absence of a showing of good cause by the plaintiff, include but are not limited to: (1) whether the defendant evaded service, (2) whether the defendant knowingly concealed a defect in service, (3) whether the statute of limitations has expired, and (4)

whether the defendant has been prejudiced by the failure to serve. To the extent that *State ex rel. Charleston Area Medical Center v. Kaufman*, 197 W.Va. 282, 475 S.E.2d 374 (1996) conflicts with this holding, it is hereby overruled.

In the instant case, the circuit court appears to have improperly made no effort to consider the option under Rule 4(k) to consider whether to extend the plaintiff's time for service in the absence of good cause. Instead, the circuit court summarily concluded, after the dismissal of the plaintiff's complaint—and after the expiration of the statute of limitations—that the appellant had failed to show good cause for why the complaint had not been served.

 To establish good cause under Rule 4(k), the appellant must show "more than mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden." *Kaufman*, 197 W.Va. at 289, 475 S.E.2d at 381. In considering whether good cause has been satisfied, circuit courts should consider the " '(1) length of time to obtain service; (2) activity of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) ease with which location could have been known; (5) actual knowledge by defendant of the action; and (6) special circumstances." *Estate of Hough ex rel. Lemaster v. Estate of Hough ex rel. Berkeley County Sheriff*, 205 W.Va. 537, 542, 519 S.E.2d 640, 645 (1999) (*per curiam*) (*citing Kaufman*, 197 W.Va. at 288, 475 S.E.2d at 380).

In the instant case, appellant made several attempts to serve the appellee—going so far as contacting the appellee's president and designated agent—in her attempt to perfect service on the appellee. The appellant and the appellee's president had even engaged in settlement discussions several times. While "[t]he plaintiff or his attorney bears the responsibility to see that an action is properly and timely instituted," Syllabus Point 4, *Stevens v. Saunders*, 159 W.Va. 179, 220 S.E.2d 887 (1975), a plaintiff is not required to shoot with precision at a moving target. The appellant three times attempted to obtain service on the appellee, the third time using the specific corporate name and address provided by appellee's president and designated agent. The Secretary of State mailed a copy of the complaint addressed to the appellee's president and designated agent, at the address provided by the appellee's president during those discussions. Avoidance of service by a corporate-agent-for-service-of-process's failure to sign for or otherwise accept a certified mailing from the Secretary of State should not inure to the benefit of a corporate defendant, particularly when the defendant has knowledge of the claim. Any delay that resulted in the failure to obtain service in this case was not attributable to the appellant's lack of diligence, but rather to the appellee's apparent lack of cooperation in accepting service.

We believe that the appellant's actions "show good cause" within the meaning of Rule 4(k), and that the circuit court erred in finding otherwise.

### IV.

*Conclusion*

We therefore reverse the circuit court, and find that good cause existed to reinstate the appellant's complaint and extend the time allowed, pursuant to Rule 4(k), *West Virginia Rules of Civil Procedure*, for the appellant to properly serve the appellee under the provisions of *W.Va.Code*, 31D–5–504, or other appropriate methods of service of process. The case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.