**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**William T. Widmyer,**
**Petitioner Below, Petitioner**

**vs.)   No. 22-0175** (Jefferson County 13-C-224)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner William T. Widmyer appeals the February 9, 2022, order of the Circuit Court of Jefferson County denying his motion for relief from judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.[1] Petitioner sought relief from the circuit court's prior order, entered on March 12, 2014, order, in which it denied his second petition for a writ of habeas corpus. In *Widmyer v. Ballard*, No. 14-0355, 2015 WL 3688211 (W. Va. May 15, 2015) (memorandum decision), this Court affirmed the denial of petitioner's second habeas petition. Accordingly, upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On July 22, 1999, a jury found petitioner guilty of the following crimes: first-degree murder of his former wife, malicious wounding of his former wife's boyfriend, destruction of property, breaking and entering, petit larceny, and possession of a vehicle knowing it to be stolen. The jury did not recommend mercy on the first-degree murder conviction. Petitioner was sentenced by order entered in September of 1999. This Court denied petitioner's appeal of his convictions on November 1, 2000.

Thereafter, petitioner filed two petitions for a writ of habeas corpus. In petitioner's first

---

[1] Petitioner is self-represented. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Gail Voorhees Lipscomb.

habeas proceeding, initiated in February of 2001, the circuit court sequentially appointed a total of ten attorneys to represent petitioner. Petitioner filed complaints against some of his attorneys,[2] and, while represented by counsel, petitioner—on his own behalf and without input from counsel—filed three supplements to his habeas petition. *Widmyer*, 2015 WL 3688211, at *1. In January of 2004, the circuit court appointed petitioner's tenth habeas counsel ("habeas counsel"), who represented petitioner throughout the remainder of his first habeas proceeding. *Id.* Habeas counsel thereafter determined that there was no need to file an amended petition. *Id.* at *2.

In July of 2005, petitioner, on his own behalf, filed a *Losh* checklist with the circuit court.[3] *Widmyer*, 2015 WL 3688211, at *2. In September of 2005, petitioner's habeas counsel filed a motion for an omnibus evidentiary hearing. *Id.* The circuit court did not hold a hearing because it found that it could deny petitioner's first habeas petition based upon the record and pleadings before it. *Id.* at *5. Accordingly, the circuit court entered a comprehensive order denying habeas relief on January 3, 2006. *Id.* Petitioner appealed, and, in February of 2010, this Court refused that appeal. *Id.* at 3.[4]

In 2013, petitioner, by counsel, filed his second habeas petition in the circuit court. In the second habeas proceeding,

---

[2]In its March 12, 2014, order denying petitioner's second habeas petition the circuit court found that, during his first habeas proceeding, petitioner "alleged that nearly all of [his habeas counsels] were ineffective, biased, or had a conflict [of interest]." The circuit court further noted that, also during petitioner's first habeas proceeding, he "made similar allegations against nearly all of the judges of the Twenty-Third Judicial Circuit[,]" including the judge who presided over his second habeas proceeding. In the instant appeal, petitioner argues that the judge who denied his second habeas petition should have been disqualified. "When a litigant deems himself or herself aggrieved by what he or she considers to be an important occurrence in the course of a [proceeding] or an erroneous ruling by a trial court, he or she ordinarily must object then and there or forfeit any right to complain at a later time." *State v. La Rock*, 196 W. Va. 294, 316, 470 S.E.2d 613, 635 (1996). Based upon our review of the record, including the transcript of the November 22, 2013, hearing held in the second habeas proceeding, as well as our decision in *Widmyer v. Ballard*, No. 14-0355, 2015 WL 3688211 (W. Va. May 15, 2015) (memorandum decision), we find that petitioner never raised the issue of the judge's disqualification in that proceeding. Therefore, we do not address it now.

[3]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12. In *Widmyer v. Ballard*, No. 14-0355, 2015 WL 3688211 (W. Va. May 15, 2015) (memorandum decision), we found that petitioner discussed the *Losh* checklist on the telephone with habeas counsel's associate attorney but "filed his . . . *Losh* [check]list with the circuit clerk *pro se* without giving his counsel an opportunity to sign it." *Id.* at *5.

[4]Withdrawals by successive habeas appellate attorneys delayed petitioner's appeal of the circuit court's January 3, 2006, order denying his first habeas petition.

2

the [circuit] court ordered [respondent] to respond to the following four issues: (1) whether an omnibus [evidentiary] hearing was held on petitioner's first habeas petition; (2) whether the grounds found on the *Losh* [check]list submitted with petitioner's second habeas petition had been waived or adjudicated; (3) whether habeas counsel in the first habeas action rendered effective assistance; and (4) whether petitioner's claim of newly discovered evidence regarding his competency was of a type and quality to allow post-conviction habeas review.[5]

*Widmyer*, 2015 WL 3688211, at *3 (footnote added). Following a November 22, 2013, hearing at which petitioner and habeas counsel testified, the circuit court, by order entered on March 12, 2014, denied petitioner's second habeas petition. Petitioner appealed that decision to this Court.

In *Widmyer*, this Court found that the circuit court's denial of relief without an evidentiary hearing in petitioner's first habeas proceeding was not erroneous upon finding that "[t]he [first habeas] petition demonstrate[d] that [p]etitioner [was] not entitled to relief." *Id.* at *5 (citation omitted). Next, this Court determined that the circuit court—in petitioner's second habeas proceeding—did not err in finding that he waived thirty-two out of fifty-three grounds for relief in the *Losh* checklist in his first habeas proceeding. *Widmyer*, 2015 WL 3688211, at *5. Accordingly, this Court found that "those grounds for relief ruled upon in petitioner's first habeas proceeding were finally adjudicated on the merits, and [that] those grounds not waived on petitioner's second *Losh* [check]list,[6] but not addressed in petitioner's *pro se* pleadings, were waived via procedural default." *Widmyer*, 2015 WL 3688211, at *5 (footnote added). This Court further rejected petitioner's claim that habeas counsel provided ineffective assistance in the first habeas proceeding. *Id.* at *4. Finally, this Court found that petitioner failed to support his claim alleging newly discovered evidence about his competency. *Id.* at 6. Therefore, in *Widmyer*, this Court affirmed the circuit court's denial of petitioner's second habeas petition. *Id.*

---

[5]As we noted in *Widmyer v. Ballard*, No. 14-0355, 2015 WL 3688211 (W. Va. May 15, 2015) (memorandum decision),

"A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing [and] newly discovered evidence[.]"

*Id.* at *5 (quoting Syl. Pt. 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981)).

[6]In petitioner's second habeas proceeding, he filed a second *Losh* checklist, in which he refused to waive any grounds for relief. *Widmyer v. Ballard*, No. 14-0355, 2015 WL 3688211, at *3 (W. Va. May 15, 2015) (memorandum decision).

On November 15, 2021, petitioner filed a motion for relief from the circuit court's March 12, 2014, order denying his second habeas petition, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.[7] Petitioner argued that his Rule 60(b) motion "is not the equivalent of a successive habeas petition" and that he "is not re-litigating the claims discussed [in the motion] because the claims have never been adjudicated [and/or waived]" due to alleged deficiencies in his first habeas proceeding. The circuit court, by order entered on February 9, 2022, denied the Rule 60(b) motion, finding that this Court affirmed the rulings from both of petitioner's habeas proceedings in *Widmyer*.

Petitioner appeals the circuit court's order denying his Rule 60(b) motion. "An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974). Accordingly, in reviewing the denial of the Rule 60(b) motion, "the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." *Id.* at 778, 204 S.E.2d at 86, syl. pt. 4. The denial of the motion will not be disturbed on appeal "unless there is a showing of an abuse of such discretion." *Id.*, syl. pt. 5. Thus, we review the circuit court's order for an abuse of discretion.

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Petitioner argues that he is entitled to relief under reasons (4), (5), and (6). We concur with the circuit court's finding that the denial of petitioner's second habeas petition is not void given our affirmation of that order in *Widmyer*. Likewise, as established by our decision in *Widmyer*, no order from either of petitioner's habeas proceedings has been reversed or vacated. The same is true for petitioner's convictions and sentences in the underlying criminal proceeding, which remain valid and enforceable.

---

[7] Rule 10 of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings provides that "[t]he West Virginia Rules of Civil Procedure, to the extent that they are not inconsistent with these [habeas] rules, may be applied, when appropriate, to petitions filed in West Virginia circuit courts under these rules." Therefore, "where appropriate, Rule 60(b) of the Rules of Civil Procedure applies to habeas cases." *Pendleton v. Ames*, No. 21-0432, 2022 WL 1693753, at *3 (W. Va. May 26, 2022) (memorandum decision) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)).

As to "any other reason justifying relief," once a judgment is rendered on the merits, "'[r]arely is relief granted under [Rule 60(b)] because it provides a remedy that is extraordinary and is only invoked upon a showing of exceptional circumstances. Because of the judiciary's adherence to the finality doctrine, relief under this provision is not liberally granted.'" *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 704 n.21, 474 S.E.2d 872, 884 n.21 (1996) (quoting *Cox v. State*, 194 W. Va. 210, 219 n.5, 460 S.E.2d 25, 34 n.5 (1995) (Cleckley, J. concurring) (citations omitted)). In *Widmyer*, we found that petitioner received an adjudication on the merits as to his habeas claims. 2015 WL 3688211, at *5.

Furthermore, the movant bears the burden of proof under Rule 60(b). *Powderidge*, 196 W. Va. at 706, 474 S.E.2d at 886 ("A circuit court is not required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it."); *State ex rel. Charleston Area Med. Ctr., Inc., v. Kaufman*, 197 W. Va. 282, 289, 475 S.E.2d 374, 381 (1996) ("Rule 60(b) imposes a heavy burden on the movant[.]"), *overruled on other grounds by Burkes v. Fas-Chek Food Mart, Inc.*, 217 W. Va. 291, 617 S.E.2d 838 (2005). "[T]he weight of authority supports the view that Rule 60(b) motions which seek merely to relitigate legal issues heard at the underlying proceeding are without merit." *Powderidge*, 196 W. Va. at 705, 474 S.E.2d at 885 (footnote omitted). "In other words, a Rule 60(b) motion to reconsider is simply not an opportunity to reargue facts and theories upon which a court has already ruled." *Id.* at 706, 474 S.E.2d at 886.

Petitioner attempts to evade these requirements of Rule 60(b) by arguing that he is not relitigating claims asserted in his habeas petitions but is instead attacking the fundamental fairness of the first habeas proceeding. We note that "[d]ue process of law is synonymous with fundamental fairness." *State ex rel. Peck v. Goshorn*, 162 W. Va. 420, 422, 249 S.E.2d 765, 766 (1978). However, we have also stated that post-conviction litigation must end at some point because, "[w]hile a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and *habeas corpus* upon *habeas corpus*." *Call v. McKenzie*, 159 W. Va. 191, 194, 220 S.E.2d 665, 669 (1975). In *Widmyer*, we found no merit to petitioner's claims that his first habeas proceeding was deficient due to (1) a lack of an omnibus evidentiary hearing; (2) petitioner's self-filing of a *Losh* checklist despite his representation by habeas counsel; (3) petitioner's assertion of ineffective assistance of habeas counsel; and (4) his unsupported claim alleging newly discovered evidence about his competency. 2015 WL 3688211, at *4-6. Therefore, we agree with respondent that petitioner is attempting to relitigate issues which this Court rejected in *Widmyer*. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for relief from the March 12, 2014, order denying his second habeas petition.[8]

For the foregoing reasons, we affirm the circuit court's February 9, 2022, order.

Affirmed.

**ISSUED**: March 7, 2023

---

[8]To the extent that the circuit court denied petitioner's Rule 60(b) motion on additional grounds, we find it unnecessary to address such grounds herein.

5

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn