**FILED**
**March 7, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Brian M.,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-0301** (Jackson County 19-C-33)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


# MEMORANDUM DECISION


Petitioner Brian M.[1] appeals the order of the Circuit Court of Jackson County, entered on April 12, 2022, denying his motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure for relief from the circuit court's April 16, 2020, order denying his second petition for writ of habeas corpus.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In 2007, petitioner was indicted on five counts of first-degree sexual assault and ten counts of possession of child pornography. All fifteen counts related to a pattern of sexual contact petitioner had with a minor relative. Petitioner requested a competency evaluation, which resulted in a determination that he was criminally responsible and competent to stand trial. Subsequently, after trial, a jury found petitioner guilty on each count in the indictment. The circuit court sentenced petitioner to a combined term of thirty-four to seventy-four years of incarceration. Petitioner appealed his convictions, and this Court, by order entered on October 29, 2009, refused

---

[1]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2]Petitioner is self-represented. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

the appeal.

In 2010, petitioner filed a petition for writ of habeas corpus in the circuit court which appointed habeas counsel to represent petitioner during his first habeas proceeding ("first habeas counsel"). First habeas counsel filed an amended petition, in which petitioner asserted ineffective assistance of trial counsel. As to other possible grounds for habeas relief, petitioner filed a *Losh* checklist[3] and testified that he discussed the amended petition with first habeas counsel. After inquiring of petitioner, the circuit court found that petitioner "voluntarily, intelligently, and knowingly waived all habeas grounds not contained in the . . . *amended petition for writ of habeas corpus* prepared by [first habeas counsel]. Specifically, [p]etitioner understood that the grounds not raised in the amended petition, addressed during the *Losh* hearing, were forever waived and relinquished by . . . [p]etitioner." [*Brian M.*] *v. Ballard* ("*Brian M. I*"), No. 11-1677, 2013 WL 149602, at *4 (W. Va. Jan. 14, 2013) (memorandum decision). Following a two-day omnibus habeas corpus hearing,[4] the circuit court, by order entered November 19, 2011, rejected petitioner's ineffective assistance of trial counsel claim and denied the amended habeas petition. In *Brian M. I*, this Court affirmed the circuit court's denial of habeas relief. *Id.* at *6.

In 2019, petitioner filed a second habeas petition in the circuit court. The circuit court, by order entered on May 20, 2019, summarily dismissed claims that had been finally adjudicated and/or waived in *Brian M. I*. The circuit court found that petitioner could proceed on his claim that first habeas counsel provided ineffective assistance in *Brian M. I* and his claim that *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018),[5] represented a change in the law favorable to him. Accordingly, the circuit court appointed habeas counsel to represent petitioner during his second habeas proceeding ("second habeas counsel").

In November of 2019, second habeas counsel filed an amended petition, arguing that first habeas counsel was ineffective in *Brian M. I.* because he: (1) failed to submit a proposed order; (2) permitted the first day of the omnibus evidentiary hearing to take place without petitioner being

---

[3]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12.

[4]Despite the existence of a transport order, petitioner was not transported to the circuit court for a February 14, 2011, hearing. Trial counsel appeared and provided testimony, which included cross-examination by first habeas counsel. At an April 6, 2011, hearing, the circuit court offered to allow petitioner to testify in support of his amended habeas petition, but petitioner chose not to do so.

[5]Petitioner argues that, pursuant to *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), he had an "autonomy right" to insist that all of his claims were raised regardless of habeas counsel's opinion of their legal merit.

present; and (3) failed to ask the circuit court for a retrospective competency determination to ascertain whether petitioner was competent to stand trial. Second habeas counsel requested a retrospective competency evaluation to determine whether petitioner was competent to stand trial despite petitioner's competency evaluation in his criminal case. However, second habeas counsel withdrew petitioner's claim that *McCoy* represented a favorable change in the law based upon counsel's determination that it did not retroactively apply to petitioner's case.

In response to the amended petition filed by second habeas counsel, petitioner, on his own behalf, filed a motion to file "pro se issues" and an alternate amended petition ("pro se petition"). In the motion, petitioner noted that, contrary to second habeas counsel's assertion in the amended petition, first habeas counsel submitted an extensive proposed order in *Brian M. I.* and also asked the circuit court to "consider his pro se issues." In the pro se petition, petitioner argued that first habeas counsel was ineffective in *Brian M. I.* because: he (1) waived petitioner's presence during the first day of the omnibus habeas corpus hearing and, more specifically, waived petitioner's presence during the testimony of his trial counsel; (2) failed to object to a sentencing predicated on a sex offender evaluation that did not contain an ongoing treatment plan; and (3) failed to challenge the denial of probation despite petitioner's claim that he satisfied the eligibility criteria.[6] Petitioner also resurrected his ineffective assistance of trial counsel claim. However, neither in his motion nor in the pro se petition did petitioner assert that he objected to the withdrawal of the *McCoy* claim by second habeas counsel.

The circuit court, by order entered on April 16, 2020, denying petitioner's second habeas petition, found that, based upon *Brian M. I.*, the doctrine of res judicata barred all of the issues petitioner had raised in his motion to file pro se issues and the pro se petition to the extent that such issues were not already addressed in the amended petition filed by second habeas counsel. The circuit court further found that the remaining claims, all of which were asserted in the amended petition, alleged that first habeas counsel was ineffective in *Brian M. I.* The circuit court rejected those claims and denied habeas relief. In [*Brian M.*] *v. Ames* ("*Brian M. II*"), No. 20-0522, 2021 WL 2020286 (W. Va. May 20, 2021) (memorandum decision), this Court affirmed the denial of habeas relief in petitioner's second habeas proceeding, finding that he previously "receive[d] a full and fair omnibus hearing" in *Brian M. I. Id.* at *8.

While his appeal from the circuit court's denial of his second habeas petition was pending in *Brian M. II*, petitioner filed a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil

---

[6]Prior to sentencing petitioner underwent a sex offender evaluation to assist the circuit court in determining his eligibility for probation. The evaluator opined that petitioner was "not a suitable candidate for outpatient sex offender counseling" and that petitioner's "deviant sexual drive . . . is intense and could be dangerous to children." [*Brian M.*] *v. Ames*, No. 20-0522, 2021 WL 2020286, at *1 (W. Va. May 20, 2021) (memorandum decision) (quoting evaluation report). As an ongoing treatment plan, the evaluator recommended "the administration of medication to diminish petitioner's sexual drive and intense treatment *in an institutional setting* for his paraphilic problems." *Id.* at *9 (emphasis added).

Procedure[7] on April 16, 2021, asking the circuit court for relief from its April 16, 2020, order. The circuit court, by order entered on April 12, 2022, denied the motion, finding that it had properly denied petitioner's ineffective assistance claims against first habeas counsel, which were the claims not barred by the doctrine of res judicata.

Petitioner appeals the circuit court's denial of his Rule 60(b) motion. "An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974). Accordingly, in reviewing the denial of the Rule 60(b) motion, "the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." *Id.* at 778, 204 S.E.2d at 86, Syl. Pt. 4. The denial of the motion will not be disturbed on appeal "unless there is a showing of an abuse of such discretion." *Id.*, Syl. Pt. 5. Thus, we review the circuit court's order for an abuse of discretion.

The movant bears the burden of proof under Rule 60(b). *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 706, 474 S.E.2d 872, 886 (1996) ("A circuit court is not required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it."); *State ex rel. Charleston Area Med. Ctr., Inc., v. Kaufman*, 197 W. Va. 282, 289, 475 S.E.2d 374, 381 (1996) ("Rule 60(b) imposes a heavy burden on the movant[.]"), *overruled on other grounds*, *Burkes v. Fas-Chek Food Mart, Inc.*, 217 W. Va. 291, 617 S.E.2d 838 (2005). "[T]he weight of authority supports the view that Rule 60(b) motions which seek merely to relitigate legal issues heard at the underlying proceeding are without merit." *Powderidge*, 196 W. Va. at 705, 474 S.E.2d at 885 (footnote omitted). "In other words, a Rule 60(b) motion to reconsider is simply not an opportunity to reargue facts and theories upon which a court has already ruled." *Id.* at 706, 474 S.E.2d at 886.

Rule 60(b) provides, in pertinent part, that, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment[.]" Petitioner argues that he is entitled to relief under this provision. Respondent counters that the circuit court properly denied petitioner's Rule 60(b) motion. We agree with respondent.

Once a judgment is rendered on the merits, "'[r]arely is relief granted under [Rule 60(b)] because it provides a remedy that is extraordinary and is only invoked upon a showing of

---

[7] Rule 10 of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings provides that "[t]he West Virginia Rules of Civil Procedure, to the extent that they are not inconsistent with these [habeas] rules, may be applied, when appropriate, to petitions filed in West Virginia circuit courts under these rules." Therefore, "where appropriate, Rule 60(b) of the Rules of Civil Procedure applies to habeas cases." *Pendleton v. Ames*, No. 21-0432, 2022 WL 1693753, at *3 (W. Va. May 26, 2022) (memorandum decision) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)).

exceptional circumstances. Because of the judiciary's adherence to the finality doctrine, relief under this provision is not liberally granted.'" *Powderidge*, 196 W. Va. at 704 n.21, 474 S.E.2d at 884 n.21 (quoting *Cox v. State*, 194 W. Va. 210, 219 n.5, 460 S.E.2d 25, 34 n.5 (1995) (Cleckley, J. concurring) (citations omitted)). In petitioner's case, we previously rejected petitioner's argument that judgment was not rendered on the merits in *Brian M. I*, finding that he received an omnibus hearing in the earlier habeas proceeding. *Brian M. II,* 2021 WL 2020286, at *8.

We have held that a prior omnibus habeas corpus hearing triggers the doctrine of res judicata to bar subsequent habeas petitions subject to narrow exceptions: "ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syl. Pt. 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981). In *Brian M. II*, the circuit court found that the only claims that were not barred by the doctrine of res judicata were the claims alleging that first habeas counsel provided ineffective assistance in *Brian M. I*. In accordance with Syllabus Point 4 of *Losh*, the circuit court adjudicated those claims, and we affirmed the circuit court's determination that first habeas counsel was not ineffective in *Brian M. I. Brian M. II*, 2021 WL 2020286, at *7-10.

Despite the findings set forth in *Brian M. I* and *Brian M. II*, petitioner argues that there is an exceptional circumstance in his case, justifying relief under Rule 60(b), based upon the Supreme Court's decision in *McCoy*. In *McCoy*, the Supreme Court held that "a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." 138 S. Ct. at 1505. The Supreme Court further stated that, "[b]ecause a client's autonomy, not counsel's competence, is in issue," the test for determining ineffective assistance of counsel, set forth in *Strickland v. Washington*, 466 U.S. 668 (1984),[8] does not apply when a defendant objects to trial counsel's strategy of admitting guilt. *McCoy*, 138 S. Ct. at 1510-11. Rather, the Supreme Court found that trial counsel's violation of the defendant's Sixth Amendment-secured autonomy is not subject to harmless error review. *Id.* at 1511.[9]

---

[8]In Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

[9]The Sixth Amendment to the United States Constitution provides that a defendant is entitled to "the [a]sistance of [c]ounsel for his defence." In *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), the Supreme Court found that "the Sixth Amendment 'contemplat[es] a norm in which the accused, and not a lawyer, is master of his own defense.'" 138 S.Ct. at 1508 (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 382 n.10 (1979)).

Petitioner argues that, pursuant to *McCoy*, he had an "autonomy right" to insist that all of his claims were raised regardless of habeas counsel's opinion of their legal merit. Assuming, arguendo, that *McCoy* applies retroactively to petitioner's case, we find it is factually distinguishable. We address the application of *McCoy* to each habeas counsel's actions as it is not entirely clear whether petitioner argues that his first habeas counsel in *Brian M. I* or his second habeas counsel in *Brian M. II* failed to raise issues that petitioner insisted on raising.

With regard to first habeas counsel, in *Brian M. I*, we found that petitioner voluntarily, intelligently, and knowingly waived all habeas grounds not asserted in the amended petition filed by first habeas counsel. 2013 WL 149602, at *4. With regard to second habeas counsel, petitioner argues that, in the amended petition in *Brian M. II*, the *McCoy* claim was withdrawn over his objection. However, in *Brian M. II*, we reviewed petitioner's motion to file "pro se issues" and pro se petition, and petitioner did not state in his motion that he objected to the withdrawal of the *McCoy* claim. 2021 WL 2020286, at *4. We further found that the grounds for habeas relief in petitioner's "pro se petition are identical to the assignments of error asserted in [*Brian M. II*]," and the *McCoy* claim was not one of those issues. *Id.* at *4 n.4. Thus, our findings in *Brian M. II* contradict petitioner's assertion that he did not consent to second habeas counsel's withdrawal of the *McCoy* claim. Accordingly, even if *McCoy* applies to petitioner's case, it does not justify Rule 60(b) relief because petitioner is unable to show either of his habeas counsels failed to raise issues that he insisted on raising. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for relief from the April 16, 2020, order denying his second habeas petition.

For the foregoing reasons, we affirm the circuit court's April 12, 2022, order.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

6