**STATE OF WEST VIRGINIA**

**FILED**
**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Frederico M. Hatcher,**
**Petitioner Below, Petitioner**

**vs.) No. 22-0451** (Cabell County 19-C-561 and 19-C-564)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frederico M. Hatcher appeals the Circuit Court of Cabell County's May 31, 2022, order denying his motion for relief from judgment filed pursuant to Rule 60(b)(6) of the West Virginia Rules of Civil Procedure.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. Proc. 21(c).

Petitioner was convicted of first-degree murder and aggravated robbery in separate jury trials. As a result, he was sentenced to life incarceration without mercy for murder and 212 years for aggravated robbery. In 1997, this Court refused both of petitioner's direct appeals. He filed petitions for writs of habeas corpus in 1998, 2006, 2010, and 2015, for which he had two omnibus evidentiary hearings. All five petitions were denied by the circuit court, and this Court affirmed the denial orders petitioner appealed. *See Hatcher v. McBride*, 221 W. Va. 5, 650 S.E.2d 104 (2006); *State ex rel. Hatcher v. McBride*, 221 W. Va. 760, 656 S.E.2d 789 (2007), *cert. denied*, 552 U.S. 1269 (2008); *Hatcher v. Ballard*, No. 15-0414, 2016 WL 2979538 (W. Va. May 23, 2016) (memorandum decision).

On December 19, 2019, Petitioner filed his sixth petition for a writ of habeas corpus, which stemmed from his conviction for first-degree murder. On December 20, 2019, petitioner filed his seventh petition for a writ of habeas corpus, which stemmed from his conviction for aggravated robbery. On May 1, 2020, the court entered an order appointing counsel, Jason Goad, for petitioner

> for the limited purpose of briefing (1) the law on whether this change in the law [the enactment of the 2010 revisions of the West Virginia Rules of Appellate Procedure] is grounds for these habeas petitions and (2) whether [p]etitioner has previously had a habeas on ineffectiveness of habeas counsel on each of the two crimes raised herein.

---

[1] Petitioner appears as a self-represented litigant. The State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett.

1

Mr. Goad filed an amended petition in the consolidated sixth and seventh habeas actions, arguing that the 2010 changes in the West Virginia Rules of Appellate Procedure created an "appeal by right," which should retroactively apply to petitioner and allow him a decision on the merits of his direct appeal. That brief also acknowledged that petitioner had previously prosecuted three claims of ineffective assistance of habeas counsel in three separate proceedings, but he argued that his 2015 habeas counsel was ineffective because he failed to argue the 2010 change in the Appellate Rules should have applied to petitioner. In its August 3, 2021, order denying the requested relief, the court specifically found that, with one exception, all of the issues raised in the sixth and seventh petitions had either been considered and decided or were waived in the prior habeas cases. With regard to ineffective assistance of counsel, the court found that petitioner's previous habeas counsel's failure to argue for the retroactive application of "appeal by right" was neither objectively deficient nor was there a reasonable probability that raising that argument would have caused a different result in petitioner's 2015 habeas action.

Petitioner filed his Rule 60(b)(6) motion and supporting memorandum of law as a self-represented litigant on August 19, 2021, asserting ineffective assistance of Mr. Goad, arguing that counsel's amended petition "was a wholly frivolous argument based on a critical and literal construction of Petitioner's argument" and criticizing habeas counsel's lack of investigation into petitioner's allegations. By order entered on May 31, 2022, the circuit court denied petitioner's motion. Petitioner appeals that order.

On appeal, the crux of petitioner's argument is that Mr. Goad was ineffective because he failed to investigate petitioner's case with regard to the ineffective assistance of prior counsel; failed to communicate with petitioner; failed to liberally construe petitioner's sixth and seventh habeas corpus petitions; and failed to argue viable claims. As a result, petitioner contends that the circuit court erred by refusing his Rule 60(b) motion and that he is entitled to relief from the final order below related to his prior habeas petitions on the basis of Mr. Goad's allegedly ineffective assistance. Only the Rule 60(b) motion is properly before this Court.

We note at the outset that Mr. Goad was appointed for the limited purpose of addressing two legal issues specifically identified by the circuit court. Further, while this Court has held that Rule 60(b) is to be liberally construed to accomplish justice and facilitate the decision of cases on their merits, here, petitioner received a judgment on the merits denying his petition for habeas corpus relief. *See* Syl. Pt. 6, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974) ("A court, in the exercise of discretion given it by the remedial provisions of Rule 60(b), W.Va.R.C.P., should recognize that the rule is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits."). Once a judgment is rendered on the merits, "'[r]arely is relief granted under [Rule 60(b)] because it provides a remedy that is extraordinary and is only invoked upon a showing of exceptional circumstances. Because of the judiciary's adherence to the finality doctrine, relief under this provision is not to be liberally granted.'" *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W.Va. 692, 704 n.21, 474 S.E.2d 872, 884 n.21 (1996) (quoting *Cox v. State*, 194 W. Va. 210, 219 n.5, 460 S.E.2d 25, 34 n.5 (1995) (Cleckley, J. concurring) (citations omitted)). "This Court has consistently held that a circuit court's decision to grant or deny a Rule 60(b) motion warrants deferential review by this Court." *McClung v. Any Unknown Heirs of Frank*

*C. Ringer,* No. 14-0842, 2015 WL 3674502, at *4 (W. Va. June 12, 2015)(memorandum decision). Thus, "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." *Toler*, 157 W. Va. at 778, 204 S.E.2d at 86, Syl. Pt. 5.

Here, we find that the circuit court did not abuse its discretion in refusing to grant petitioner's Rule 60(b)(6) motion. That Rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . any other reason justifying relief from the operation of the judgment." W. Va. R. Civ. P. 60(b)(6). "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Therefore, "[a]n appeal of the denial of a Rule 60(b) motion . . . brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." *Toler*, 157 W. Va. at 784, 204 S.E.2d at 89.

The movant bears the burden of proof under Rule 60(b). *See*, *e.g.*, *Powderidge*, 196 W. Va. at 706, 474 S.E.2d at 886 ("A circuit court is not required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it."); *State ex rel. Charleston Area Med. Ctr., Inc. v. Kaufman*, 197 W. Va. 282, 289, 475 S.E.2d 374, 381 (1996) ("Rule 60(b) imposes a heavy burden on the movant[.]"), *overruled on other grounds by Burkes v. Fas-Chek Food Mart, Inc.*, 217 W. Va. 291, 617 S.E.2d 838 (2005). Before this Court, petitioner continues to argue, as he did in his Rule 60(b) motion, that Mr. Goad was ineffective because he failed to properly investigate petitioner's case and argue viable claims, in addition to related ineffective assistance claims. After considering all of petitioner's arguments, the circuit court determined that petitioner did not meet his burden under the rule and was not entitled to relief on those grounds. Based on our review of the record on appeal, we cannot find that the circuit court abused its discretion in denying relief under Rule 60(b)(6) based on Mr. Goad's expressly limited representation of petitioner in the underlying proceeding. Finally, "[w]hile a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and Habeas corpus upon Habeas corpus. There must be some end to litigation[.]" *Call v. McKenzie*, 159 W. Va. 191, 194, 220 S.E.2d 665, 669 (1975). That end has come for petitioner.

For the foregoing reasons, we affirm the circuit court's May 31, 2022, denial of petitioner's Rule 60(b) motion.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker

3

Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn