No. 24-ICA-173 – *Steak Escape of Kanawha City II, LLC d/b/a Steak Escape and Josh Macleery v. Jason Hudson*

**FILED**

**March 20, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

WHITE, J., concurring:

Given the language and requirements of West Virginia Code § 31B-1-111(c), I must concur with the majority's conclusion that the circuit court abused its discretion by finding that Steak Escape was properly served with Mr. Hudson's complaint. However, I write separately to emphasize that West Virginia Code § 31B-1-111(c) creates inequities and is rife with potential for abuse. As written, West Virginia Code § 31B-1-111(c) allows, if not encourages, litigants to attempt to evade service of process without consequence— even when they have full knowledge and understanding of a legal action filed against them. This type of behavior only seeks to impede an individual's right to seek redress and mocks the protections built into our civil justice system to ensure a party receives notice and an opportunity to be heard. Further, such behavior frustrates the operation of our court system and is apt to cause prejudicial delay. This conduct is antithetical to the principles underlying our civil justice system.

In this appeal, Mr. Hudson attempted to serve Steak Escape with his complaint pursuant to Rule 4 of the West Virginia Rules of Civil Procedure by personal service through the sheriff's department and by substituted service via the West Virginia

1

Secretary of State.[1] After the sheriff's deputy served Mr. Macleery at Steak Escape's designated principal office location in West Virginia, Mr. Macleery advised the deputy that any process for Steak Escape had to be sent to Ohio. Accordingly, the deputy did not leave Steak Escape's summons and complaint at the restaurant.[2] Of course, Mr. Macleery's statement to the deputy was inaccurate given that Steak Escape has a designated notice of process address in West Virginia, as well as a registered agent, as is required by law.

Mr. Hudson next attempted to serve Steak Escape through the Secretary of State. On September 12, 2022, the Secretary of State "accepted service" for Steak Escape, as attorney-in-fact for all limited liability companies organized in this state and forwarded Mr. Hudson's summons and complaint by certified mail to Steak Escape's registered agent at the designated notice of process address. However, despite mailing the summons and complaint to Steak Escape's registered agent at the correct address, after three unsuccessful attempts to deliver this mail, the postal service returned it to the Secretary of State on October 31, 2022, stamped "undeliverable as addressed." Apparently, the office listed was

---

[1] I refer to the version of Rule 4 of the West Virginia Rules of Civil Procedure in effect at the time Mr. Hudson attempted service in the matter below. The Rules of Civil Procedure have been revised substantially since that time, and the newest revisions to the Rules became effective January 1, 2025.

[2] While Mr. Macleery's status as an officer of the Steak Escape limited liability company through whom Steak Escape could be served is debated, the parties do not dispute that Mr. Macleery was the manager of the Steak Escape restaurant designated the company's principal office location in West Virginia.

a shell office which was unoccupied for a large amount of time and did not regularly accept mail.

Given the requirements of West Virginia Code § 31B-1-111(c), and considering the Supreme Court of Appeals of West Virginia's holding in *Burkes v. Fas-Chek Food Mart Incorporated,* 217 W. Va. 291, 617 S.E.2d 838 (2005), Steak Escape was not properly served with Mr. Hudson's summons and complaint; therefore, the default judgment granted by the circuit court cannot stand. However, this result is troubling because the record on appeal suggests that in addition to knowing about the lawsuit, Steak Escape may have evaded service *and* silently participated in the litigation.

The record on appeal demonstrates that Steak Escape's registered agent for service of process is a member of Steak Escape of Kanawha City II, LLC. Steak Escape's upper management and limited liability company members learned of the lawsuit on September 8, 2022. This would have been several days before the Secretary of State first attempted service by certified mail. Further, certain members of the LLC and its upper management met at Steak Escape's Columbus office sometime between September 8, 2022, and September 22, 2022, for the purpose of determining a strategy for handling the lawsuit. At that time, the attendees apparently decided that they would not file an answer to the complaint.[3] However, the record suggests they worked together, along with Mr.

_____

[3] Mr. Macleery claimed Steak Escape would "take care" of the litigation on his behalf. Interestingly, their strategy led to a default judgment against Mr. Macleery, which

3

Macleery and Mr. Hill, to prepare discovery responses on behalf of Mr. Hill and Mr. Macleery, then mailed the same to counsel for Mr. Hudson in an envelope denoting Steak Escape as the sender, along with its Columbus office address.[4]

Nonetheless, I must concur with the majority's decision. As this appeal demonstrates, West Virginia Code § 31B-1-111(c) and its equivalent statute for corporations, as written and as interpreted by the SCAWV in *Burkes,* have the potential to create inequities and to allow, if not, encourage, bad actors to attempt to evade service, to cause unnecessary delay, and to frustrate the operation of our court system. As of now, the facts of this case are rare, but that seems likely to change. For this reason, I urge the Legislature to review West Virginia Code § 31B-1-111(c) and its corporate equivalent, West Virginia Code § 31D-5-504(c), and to amend the statutes to account for corporations that designate shell corporate offices which do not accept mail at their notice of process address.

In conclusion, I concur in the majority opinion.

---

we affirmed, with both Mr. Macleery and the corporate defendants represented by the same counsel in the case.

[4] Dirk Algrhim, as Steak Escape's "corporate representative," testified about this meeting during his court-ordered deposition below.